EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: | 2012 TSPR 177 |
| | 187 DPR ____ |
| Roberto J. J. Buono Colón | |

Número del Caso: AB-2011-111

Fecha: 28 de noviembre de 2012

Materia: Conducta Profesional – Suspensión inmediata e indefinida de la abogacía y la notaría por incumplir requerimientos del Tribunal Supremo.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Roberto J.J. Buono Colón          AB-2011-0111

*PER CURIAM*

En San Juan, Puerto Rico, a 28 de noviembre de 2012.

En esta ocasión, nos vemos forzados a suspender a un miembro de la profesión jurídica por incumplir con los requerimientos de este Tribunal como parte de un procedimiento disciplinario instado en su contra. Por los fundamentos que esbozamos a continuación, ordenamos la suspensión inmediata e indefinida del Lcdo. Roberto J.J. Buono Colón del ejercicio de la abogacía y la notaría.

I.

El Lcdo. Roberto J.J. Buono Colón fue admitido al ejercicio de la abogacía el 19 de agosto de 2003. El 22 de septiembre de ese mismo año juramentó como notario.

En 2011 el Sr. Efraín Robles Bruno (quejoso) presentó una queja ante este Tribunal contra el licenciado Buono Colón. Aseguró que contrató los servicios profesionales del licenciado el 30 de junio de 2010 para que lo representara en un pleito de cobro de dinero. El licenciado presentó la demanda, compareció a la primera vista señalada por el foro primario y realizó otros trámites procesales relacionados al caso.

A partir de octubre de 2010, después que el licenciado presentó en el foro primario una réplica a una moción de desestimación, el señor Robles Bruno no consiguió comunicarse con el licenciado. Alega el quejoso que intentó comunicarse con este último por teléfono, mensajes de voz y de texto, y correos electrónicos.

Según describe en la queja, el señor Robles Bruno recibió una minuta del foro de primera instancia indicándole que había realizado una segunda vista a la cual la parte demandante no había comparecido. En esa minuta, el tribunal explicó que la notificación del señalamiento de la vista había sido enviado al licenciado Buono Colón y había sido devuelto, por lo que señaló otra vista, la cual notificó a las representaciones legales y a la parte demandante directamente.

Por esta razón, el señor Robles Bruno presentó una queja ante el Colegio de Abogados el 11 de marzo de 2011. El Colegio de Abogados refirió la queja a este Tribunal. El 6 de abril de 2011, le comunicamos al quejoso que la queja debía estar juramentada ante un notario o en la secretaría

del Tribunal, por lo que le enviamos el documento original para que completara el proceso antes explicado. Así lo hizo.

El 20 de mayo de 2011 le notificamos la queja al licenciado a la dirección que aparece en el Registro Único de Abogados que mantiene la Secretaría de este Tribunal. Esta correspondencia fue devuelta y el licenciado no compareció. Luego, el 8 de agosto de 2011 le enviamos una segunda notificación concediéndole un término de diez días para que compareciera con sus comentarios a la queja. Esta comunicación también fue devuelta y el licenciado no contestó.

A falta de una respuesta, el 24 de octubre de 2011 emitimos una Resolución concediéndole un término final de diez días para que compareciera ante este Tribunal y contestara la queja presentada en su contra. En esta se le apercibió de que el incumplimiento con la Resolución podría acarrear sanciones disciplinarias severas, incluyendo la suspensión de la profesión. Dicha Resolución se notificó personalmente por la Oficina del Alguacil de este Tribunal.

El 29 de noviembre de 2011 el licenciado Buono Colón compareció mediante Moción Informativa en la que indicó que las notificaciones se le habían enviado a una dirección que ya no era suya y que no era su intención desatender los requerimientos de este Tribunal. Además, indicó que tan pronto se le enviara la queja procedería a contestarla. Nuevamente le enviamos copia de la queja el 7 de diciembre de 2011. El letrado no presentó su contestación.

Como consecuencia, el 27 de enero de 2012 emitimos otra Resolución en la que le concedimos un término final de veinte días para que compareciera. Esta Resolución se le notificó a la dirección que aparecía en el Registro Único de Abogados. Una vez más el licenciado no compareció.

En vista de lo anterior, emitimos una última Resolución el 25 de mayo de 2012 otorgándole al letrado cinco días para contestar la queja. Esta Resolución se notificó personalmente. Al día de hoy el licenciado no ha comparecido.

## II.

Todo abogado tiene la obligación de responder oportunamente a los requerimientos de este Tribunal. *In re*: Arroyo Rivera, 182 D.P.R. 732 (2011); *In re*: Feliciano Jiménez 176 D.P.R. 234 (2009). Ello cobra mayor importancia cuando se trata de un proceso disciplinario sobre su conducta profesional. *In re*: Cristina S. Borges Lebrón, res. 10 de septiembre de 2010, 2010 T.S.P.R. 211.

Hemos sido consecuentes en que cuando un abogado no cumple con el deber de responder a nuestros requerimientos e ignora los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata del ejercicio de la profesión. *In re*: Reyes Rovira, 139 D.P.R. 42 (1995). Aun así, constantemente, nos vemos forzados a suspender miembros de la profesión ante actitudes de indiferencia y menosprecio a nuestros señalamientos. *In re: Arroyo Rivera*, *supra*.

Asimismo, hemos reiterado que incumplir con los requerimientos de esta Curia es, en sí mismo, una violación a los Cánones de Ética Profesional. *In re: Fiel Martínez*, 180 D.P.R. 426 (2010). Véase, además, Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX C.9, respecto a la exigencia de respeto hacia los tribunales. Ciertamente, la falta de respeto y observancia a los requerimientos de este Tribunal es considerada como una conducta intolerable.

III.

Una vez más, ejercemos nuestra función disciplinaria con un abogado que ignora nuestros requerimientos aun bajo apercibimiento de que la falta de cumplimiento conlleva sanciones tan severas como la suspensión del ejercicio de la profesión. En particular, el licenciado Buono Colón no ha contestado nuestra última Resolución emitida el 25 de mayo de 2012, y notificada personalmente, en la cual le concedimos cinco días para contestar la queja y comparecer ante este Tribunal. Como hemos visto, el incumplimiento con nuestras órdenes conlleva la suspensión indefinida del ejercicio de la abogacía, así como la posible imposición de otras sanciones disciplinarias. Aun así, al día de hoy el licenciado Buono Colón no ha cumplido con nuestros múltiples requerimientos.

Es sorprendente que personas que han obtenido sus títulos académicos y profesionales luego de muchos años de estudios y sacrificios personales y familiares sean suspendidos por su incumplimiento en contestar las órdenes de este Tribunal. Su actitud denota un menosprecio por lo

que representa el título de abogado y el certificado que le entregó este Tribunal para ejercer la abogacía.

En vista de lo anterior, se suspende inmediata e indefinidamente al Lcdo. Roberto J.J. Buono Colón del ejercicio de la abogacía y la notaría. Además, se ordena el archivo de la Queja Núm. AB-2011-111 hasta que el letrado solicite su reinstalación. Así las cosas, el licenciado deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y le devolverá a estos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual forma, deberá informar su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Estas gestiones habrán de ser certificadas a este Tribunal dentro del término de 30 días a partir de la notificación de esta Opinión y Sentencia.

Además, el Alguacil de este Tribunal procederá a incautar la obra notarial del licenciado Buono Colón y su sello notarial, y hará entrega de los mismos a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Roberto J.J. Buono Colón          AB-2011-0111

SENTENCIA

En San Juan, Puerto Rico, a 28 de noviembre de 2012.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Roberto J.J. Buono Colón del ejercicio de la abogacía y la notaría. Además, se ordena el archivo de la Queja Núm. AB-2011-0111 hasta que el letrado solicite su reinstalación. Así las cosas, el licenciado deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y le devolverá a estos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual forma, deberá informar su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Estas gestiones habrán de ser certificadas a este Tribunal dentro del término de 30 días a partir de la notificación de esta Opinión y Sentencia.

Además, el Alguacil de este Tribunal procederá incautar la obra notarial del licenciado Buono Colón y su sello notarial, y hará entrega de los mismos a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal. El Juez Asociado señor Rivera García no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo