EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br><br>Orlando A. Piñeiro Vega | 2013 TSPR 36<br><br>188 DPR ____ |

Número del Caso: TS-11911
                 AB-2010-248


Fecha: 25 de febrero de 2013


Abogado de la parte querellada:


        Por derecho Propio


Oficina de Inspección de Notarías:


        Lcda. Lourdes Quintana Llorens

        Directora



Materia: Conducta Profesional – La suspensión será efectiva una vez advenga final y firme la sentencia conforme a la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración. (La suspensión advino final y firme el 25 de marzo de 2013)


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Orlando A. Piñeiro Vega

TS-11,911
AB-2010-248

PER CURIAM

San Juan, Puerto Rico, a 25 de febrero de 2013.

En esta ocasión debemos ordenar la suspensión indefinida de un miembro de la profesión de la abogacía y la notaría, por éste no cumplir con las horas crédito de educación jurídica continua exigidas por el Reglamento promulgado a esos efectos y por obviar los múltiples requerimientos de este Tribunal. A continuación los antecedentes fácticos que originan nuestra determinación.

I.

**TS-11,911**

El 16 de enero de 1997, Orlando A. Piñeiro Vega ("señor Piñeiro Vega" o "licenciado") fue admitido al ejercicio de la profesión de la

abogacía. En iguales términos, el 13 de enero de 1999, el señor Piñeiro Vega prestó juramento en aras de ejercer el notariado.

Al cabo de varios años, el 4 de marzo de 2011, la Directora Ejecutiva del Programa de Educación Jurídica Continua ("Programa"), Lcda. Yanis Blanco Santiago ("Directora"), notificó a este Foro que el señor Piñeiro Vega había incumplido con el requisito bienal de tomar 24 horas crédito de educación jurídica continua, según lo exigen los Reglamentos del Programa de Educación Jurídica Continua, *infra*, para los periodos de 1 de enero de 2007 hasta el 31 de diciembre de 2008, y de 1 de enero de 2009 hasta el 31 de diciembre de 2010. La Directora detalló que el licenciado nunca acudió ante el Programa para responder por su incumplimiento, a pesar de haber sido notificado al respecto y haber sido citado a una vista informal o a comparecer por escrito.

Examinado el informe de la Directora, el 12 de abril de 2011, le concedimos al señor Piñeiro Vega un término de 20 días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por no haber cumplido con los requisitos reglamentarios de educación jurídica continua y por no haber respondido a los requerimientos que le fueron hechos por el Programa. En aquella ocasión se le apercibió al licenciado que su incumplimiento con nuestra Resolución conllevaría su suspensión automática del ejercicio de la abogacía.

El 4 de mayo de 2011, el señor Piñeiro Vega respondió a nuestra Resolución, indicando que se proponía cumplir con los créditos de educación jurídica continua que tenía pendientes por satisfacer. En atención a su moción, el 20 de junio de 2011, esta Curia le concedió al licenciado un periodo de 60 días para que presentara ante nos una certificación expedida por el Programa que constatara su cumplimiento con los créditos de educación jurídica continua que le fueron requeridos. Una vez más, se apercibió al señor Piñeiro Vega que su incumplimiento con los términos de nuestra Resolución desembocaría en la imposición de sanciones disciplinarias.

A pesar de nuestro apercibimiento, el licenciado no cumplió con nuestra exigencia. Ante ello, el 14 de diciembre de 2011, volvimos a ordenar al señor Piñeiro Vega a que, dentro de un término de 10 días, nos informara respecto a las gestiones que había realizado para cumplir con nuestra Resolución del 20 de junio de 2011. No obstante, el licenciado incumplió nuevamente con nuestros requerimientos. Por ello, el 10 de febrero de 2012, le concedimos un término final de 30 días para que acreditara si había satisfecho los créditos requeridos para el ejercicio de la profesión. De igual forma, le advertimos al señor Piñeiro Vega que el incumplimiento de nuestra orden acarrearía su suspensión automática de la abogacía.

Así las cosas, el 2 de marzo de 2012, el señor Piñeiro Vega presentó un escrito titulado "Moción informativa y solicitud de término". En éste, el licenciado arguyó que

por causa de sus esfuerzos para rectificar unas deficiencias notariales que quedaron manifestadas debido a una querella ética instada en su contra, se vio forzado a reducir su gestión laboral, viéndose inhabilitado de costear los cursos de educación jurídica continua que le fueron exigidos. Ante ello, solicitó un término de 10 días para presentar evidencia respecto a su matrícula en los cursos indicados. Su petición fue denegada, por esta Curia el 29 de junio de 2011.

A pesar de lo anterior, el señor Piñeiro Vega no respondió oportunamente a nuestro requerimiento. Consecuentemente, el 26 de octubre de 2012, emitimos una última Resolución mediante la cual le ordenamos al licenciado, dentro de un término final e improrrogable de 20 días, a que mostrara causa por la cual no debía ser suspendido inmediatamente de la práctica de la abogacía.

No fue sino hasta el 20 de noviembre de 2012, más allá del término de 20 días provisto por este Tribunal, que el señor Piñeiro sometió una "Moción en cumplimiento de orden". En ésta, el licenciado indicó que había tomado 13 créditos de educación jurídica continua atribuibles al periodo de enero de 2007 a diciembre de 2008, quedando pendiente 11 créditos para dicho término, al igual que 24 créditos no satisfechos correspondientes al periodo de enero de 2009 a diciembre de 2010. Respecto a esos 35 créditos aún sin tomar, el licenciado indicó que se había matriculado en 12 créditos de educación jurídica continua, con el fin de satisfacer algunos de ellos. Nada dijo sobre

sus esfuerzos para cumplir con los restantes 23 créditos que aún no han sido completados. A su vez, no proveyó evidencia alguna que sustentara sus alegaciones respecto a los cursos que ya había satisfecho y aquellos en los cuales se había matriculado.

II.

**AB-2010-248**

Por otra parte, el 17 de septiembre de 2010, el Sr. Iván I. Toledo Colón ("quejoso" o "señor Toledo Colón") presentó ante nos una queja ética en contra del licenciado. En términos sucintos, el quejoso arguye que el señor Piñero Vega omitió cancelar un pagaré extraviado, el cual estaba garantizado por una hipoteca que gravaba una propiedad que fue vendida al quejoso mediante una escritura pública preparada y autorizada por el licenciado. Según el quejoso, el licenciado cobró $6,000 para inscribir en el Registro de la Propiedad la escritura de compraventa antes señalada y para cancelar el pagaré extraviado. Sin embargo, éste nunca hizo gestión alguna para cumplir las labores a las cuales se obligó en la propia escritura pública preparada por él, causando que el quejoso tuviese que pagar de su peculio todos los gastos relacionados a la presentación de la escritura.

Igualmente, el señor Toledo Colón responsabiliza al licenciado por el archivo de una demanda que fue presentada a instancias del quejoso para cancelar el pagaré extraviado. Ello, pues, alegadamente el licenciado nunca

publicó los edictos requeridos para determinados emplazamientos.

A raíz de la presentación de la queja, el 30 de septiembre de 2010, este Tribunal le notificó al licenciado sobre su existencia y le requirió una contestación dentro del plazo dispuesto para ello por la Regla 14 de nuestro Reglamento. El 18 de octubre de 2010, el licenciado contestó la queja, admitiendo las imputaciones levantadas en su contra y señalando que había iniciado los trámites necesarios para mitigar los daños causados al señor Toledo Colón.[1] Así las cosas, el 20 de octubre 2010, referimos la queja a la Directora Ejecutiva de la Oficina de Inspección de Notarías ("ODIN"), la Lcda. Lourdes Quintana Lloréns ("licenciada Quintana Lloréns"), para que ODIN completase las investigaciones pertinentes y sometiese un informe con sus hallazgos ante este Tribunal.

Luego de varios trámites interlocutorios, el 7 de octubre de 2011, la licenciada Quintana Lloréns acudió ante este Foro solicitando que ordenásemos al señor Piñeiro Vega a entregar ciertos documentos que le fueron requeridos por ODIN el 20 de mayo de 2011, pero que nunca entregó, y a que compareciese y cooperase con ODIN para que ésta lograse inspeccionar su obra notarial. A esos efectos, el 25 de octubre de 2011, le concedimos al licenciado un término de 5 días para que cumpliese con los requerimientos de ODIN y

---

[1] El licenciado alega que ya ha presentado nuevamente una demanda ante el Tribunal de Primera Instancia para cancelar el pagaré extraviado. Esta información fue corroborada por la Oficina de Inspección de Notarías en su informe del 9 de febrero de 2012.

para que nos expresara las razones por las cuales no debía ser disciplinado profesionalmente debido a su falta de cumplimiento con los pedidos de ésta. El 10 de noviembre de 2011, el abogado contestó nuestra Resolución, alegando que había cumplido con las exigencias de ODIN.

Contando con los documentos sometidos por el señor Piñeiro Vega, el 9 de febrero de 2012, ODIN presentó ante este Tribunal su informe respecto a la queja notarial que nos ocupa. El referido informe señala que en la autorización de la escritura de compraventa objeto de la queja, el licenciado: (1) violó la fe pública notarial al aseverar falsamente en la escritura de compraventa que presentaría ese mismo día en el Registro de la Propiedad ("Registro") una declaratoria de herederos que pronunciaba al vendedor de la propiedad como el único heredero de la persona que, en aquel momento, aparecía como la titular registral; (2) omitió consignar en la escritura y expresar a los comparecientes ciertas advertencias de rigor, incluyendo la insuficiencia del título reclamado por el vendedor y la falta de tracto sucesivo, hasta tanto se presentara en el Registro la Declaratoria de Herederos que lo reconocía como titular, al igual que la advertencia al comprador sobre su derecho a adquirir la propiedad libre de cargas y gravámenes y de exigir que se cancelara un pagaré extraviado que estaba garantizado por una hipoteca que afectaba la propiedad; (3) cobró $6,000 por concepto de honorarios de abogado con el fin de gestionar la cancelación del pagaré extraviado y la presentación de la

escritura de compraventa en el Registro, quedando pendiente hasta la fecha aspectos medulares de tales labores; (4) acordó con el comprador a que éste pagase los $220.00 requeridos para la compra de los comprobantes exigidos para la referida inscripción, prometiendo reembolsar tales gastos en un futuro, quedando aún insatisfecho el referido pago. Más aún, el quejoso se vio obligado a presentar en el Registro la escritura de compraventa, la cual posteriormente fue notificada al notario por falta de tracto sucesivo debido a que éste aún no había presentado la instancia registral que acredita que el vendedor era el heredero del título de la propiedad;[2] (5) instó una demanda de cancelación de pagaré extraviado ante el Tribunal de Primera Instancia, archivándose la misma por la falta de diligencia del abogado en publicar los edictos necesarios para ciertos emplazamientos;[3] y (6) desatendió en repetidas ocasiones los requerimientos de ODIN para que entregase ciertos documentos imprescindibles para la investigación.

A raíz de estos señalamientos, los cuales fueron aceptados por el licenciado, ODIN indica que la conducta del señor Piñeiro Vega es constitutiva de una violación a los Cánones 18, 35 y 38 de los Cánones de Ética Profesional, 4 L.P.R.A. Ap. IX, al igual que al Art. 2 de la Ley Núm. 75 de 2 de julio de 1987, según enmendada, 4

---

[2]A la fecha, el notario aún no ha presentado esta instancia registral.

[3]La ODIN reconoce que el abogado ha instado este pleito nuevamente, como resultado de la queja presentada en su contra.

L.P.R.A. sec. 2002, conocida como la *Ley Notarial de Puerto Rico*. Luego de examinar el informe de ODIN, el 30 de marzo de 2012, este Foro le concedió al licenciado un término de 20 días para que se expresara respecto al mismo. Igualmente, se le apercibió al señor Piñeiro Vega que su incumplimiento con lo ordenado conllevaría severas sanciones disciplinarias, incluyendo la suspensión indefinida de la profesión.

Una vez más, el licenciado incumplió con nuestro mandato. Ante ello, el 12 de julio de 2012, le concedimos un término adicional de 20 días para que mostrara causa por la cual no debía ser suspendido indefinidamente de la notaría. Nuevamente, reiteramos en nuestra Resolución que, dentro del término provisto, el licenciado debía expresarse respecto al informe de ODIN y continuar atendiendo los requerimientos de ésta relacionados a la subsanación de los errores señalados. A su vez, le solicitamos a ODIN que, dentro de un término de 20 días, nos presentara un informe sobre las gestiones realizadas por el notario.

El 3 de agosto de 2012, ODIN presentó ante este Tribunal una moción en cumplimiento de nuestra Resolución. En ella, la licenciada Quintana Lloréns señaló que el notario no había encuadernado varios protocolos de instrumentos públicos para el año 2000 y para el periodo desde el 2002 al 2012.[4] Además, nos indicó que el licenciado adeuda los Índices Notariales Mensuales de los siguientes

---

[4]El notario no autorizó instrumentos públicos en el 2001.

meses: octubre de 2004, enero de 2005, abril y diciembre de 2008 y los índices del mes de enero de 2009 hasta junio de 2012. El señor Piñeiro Vega tampoco ha presentado los Informes de Actividad Notarial Anual correspondientes a los años 2004 a 2011. Asimismo, su obra notarial sufre de una deuda arancelaria debido a múltiples sellos que aún no han sido cancelados. Finalmente, la ODIN reseñó que el notario trasladó sus protocolos notariales desde su antigua oficina hasta su casa, sin someter ante ODIN un petitorio a esos efectos y sin actualizar dicha información en el Registro Único de Abogados ("RUA").

En respuesta a la moción de ODIN, emitimos una última Resolución el 26 de octubre de 2012. En ésta, detallamos que el licenciado no cumplió con nuestros requerimientos emitidos el 30 de marzo de 2012 y el 12 de julio del mismo año. Igualmente, le concedimos al señor Piñeiro Vega un término final e improrrogable de 20 días para que mostrara causa por la cual no debía ser suspendido inmediatamente de la notaría. Finalmente, le ordenamos que dentro del referido término, proveyese una respuesta al informe de ODIN del 9 de febrero de 2012, al igual que a la moción de ODIN con fecha del 3 de agosto de 2012.

El 27 de noviembre de 2012, el licenciado presentó una moción titulada "Moción en cumplimiento de orden". En ésta, el notario admite los señalamientos de ODIN. Además, el licenciado alega que ha encuadernado todos sus protocolos notariales y prometió que el 13 de diciembre de 2012 radicaría sus índices notariales anuales y mensuales.

Respecto a la queja que obra en su contra, el licenciado alega que no ha cumplido con la presentación de la instancia registral que constata el derecho hereditario del vendedor de la propiedad en controversia debido a que el Departamento de Hacienda aún no le ha provisto el relevo correspondiente a la planilla de caudal relicto exigida por nuestro ordenamiento.

Respecto al traslado de su obra notarial desde su oficina hasta su residencia sin la autorización de ODIN y sin la debida actualización del RUA, el notario asevera que sólo tuvo la obra notarial en su casa con el único propósito de comparecer a ODIN para la inspección de la misma. El licenciado añade que pidió llevar su obra notarial a ODIN debido a que su oficina notarial no tenía servicio de aire acondicionado.

Finalmente, el notario asevera que ODIN ya ha aprobado sus protocolos para los años 2000 a 2005, con excepción del año 2001, durante el cual no efectuó obra notarial alguna. Sin embargo, no ha presentado evidencia alguna que atestigüe lo anterior. Más aún, nada dice el licenciado referente a la subsanación de la deuda arancelaria que pesa en su contra.

III.

A. *Reglamento del Programa de Educación Jurídica Continua.*

En virtud de nuestro poder inherente para reglamentar la profesión jurídica en Puerto Rico, el 30 de junio de 1998, aprobamos el Reglamento de Educación Jurídica Continua ("Reglamento de 1998"). 4 L.P.R.A. Ap. XVII-D,

R.1. El referido reglamento fue aprobado con el fin de establecer un programa de educación jurídica continua de carácter obligatorio, el cual aliente y contribuya al mejoramiento profesional de nuestros abogados, facultando así la adquisición, el desarrollo y la actualización de sus conocimientos y destrezas jurídicas, y capacitándolos para el ejercicio de la profesión dentro de los más altos niveles de calidad y competencia. Íd.; Reglamento del Programa de Educación Jurídica Continua, *infra,* pág. 564.

Como componente medular del programa instaurado, la Regla 6 del Reglamento de 1998, *supra*, establece que todo abogado activo y admitido a ejercer la práctica de la profesión en Puerto Rico, viene obligado a tomar, como mínimo, 24 horas crédito de educación jurídica continua en un periodo de 2 años. Reglamento de 1998, *supra*, R.6. De esas 24 horas crédito, al menos 4 deben ser dedicadas a cursos de ética profesional. Íd. En aquellos casos en que un abogado también ejerza el notariado, éste deberá tomar 6 horas crédito en cursos relacionados al derecho notarial. Íd.

Por otra parte, en abril 8 de 2005, este Tribunal aprobó el Reglamento del Programa de Educación Jurídica Continua, 164 D.P.R. 555 (2005) ("Reglamento de 2005"). El mismo fue promulgado en virtud del poder que posee la Junta de Educación Jurídica Continua ("Junta") —creada al amparo de la Regla 8 del Reglamento de 1998, *supra*— para desarrollar, administrar y velar por el fiel cumplimiento

de los requisitos establecidos en el Reglamento de 1998, *supra*. Íd., R.3, págs. 557-558.

Al igual que el Reglamento de 1998, *supra*, el Reglamento de 2005, *supra*, aplica a todo abogado admitido a ejercer la práctica de la abogacía y la notaría en Puerto Rico que se mantenga activo en el ejercicio de la profesión. Íd., R.4(A)(1), pág. 558. A esos efectos, la Regla 28 del Reglamento de 2005, *supra*, recalca la exigencia de que todo abogado cumpla con los requisitos mínimos de horas crédito de educación jurídica continua, según lo ordena la Regla 6 del Reglamento de 1998, *supra*. Íd., R.28(A), pág. 587.

Más aún, el Reglamento de 2005, *supra*, impone al abogado la obligación de presentar ante la Junta un *informe de cumplimiento* tan pronto haya completado las 24 horas crédito correspondientes a determinado periodo bienal, dentro de un término no mayor de 30 días posterior a la terminación de dicho periodo. Íd. Un abogado podrá presentar su informe luego del referido término, sólo si paga una cuota de $50 y provee una explicación de las razones por las cuales no cumplió a tiempo con el requisito indicado. Íd., R.30, pág. 588.

Cuando el abogado incumpla con la presentación del informe señalado, la Junta habrá de notificarle un *Aviso de Incumplimiento*. Íd., R.29, pág. 588; Reglamento de 1998, *supra*, R.9(a). Igualmente, la Junta habrá de citar por escrito al abogado, incluyendo en la citación el propósito de la vista, el periodo de incumplimiento por el cual debe

responder, al igual que la fecha y el lugar de la vista. Reglamento de 2005, *supra*, R.31 (A) y (B), pág. 589; Reglamento de 1998, *supra*, R.8 (d)(2) y 9(c). Si el abogado no comparece a la vista señalada, la Junta deberá referir el asunto a este Tribunal. Reglamento de 2005, *supra*, R.32 (C), pág. 589.

En el pasado, este Tribunal ha disciplinado profesionalmente a aquel abogado que ha desatendido los requerimientos de la Junta e incumplido con las horas crédito de educación jurídica continua. In re: Grau Collazo, 185 D.P.R. 938 (2012). Véanse, también: In re: Ramírez Ferrer, 183 D.P.R. 382 (2011); Ex parte Galarza Rodríguez, 183 D.P.R. 228 (2011). Si luego de proveerle un término al abogado para que muestre causa por la cual no debe ser suspendido de la profesión éste incumple con nuestro mandato, procede que el abogado sea sancionado con la suspensión indefinida del ejercicio de la abogacía y la notaría. Íd.

La readmisión de un abogado posterior a una suspensión indefinida por motivo de su incumplimiento con estos requisitos, quedará condicionada a que éste, dentro del término de un año, subsane el incumplimiento por el cual fue suspendido y tome los cursos correspondientes al término de su suspensión. Reglamento de 1998, *supra*, R.10. En su moción solicitando reinstalación a la profesión, el abogado deberá hacer constar, de manera precisa, la forma en que cumplió con el requisito de educación jurídica continua pendiente por subsanar. Íd.

*B. El incumplimiento de un abogado con los requerimientos de este tribunal.*

El Canon 9 de los Cánones de Ética Profesional dispone que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 L.P.R.A. Ap. IX. Al interpretar la referida norma ética, hemos señalado, en numerosas ocasiones, que un abogado incumple con este precepto cuando ignora los requerimientos de este Tribunal. In re: Buono Colón, 2012 T.S.P.R. 177, 187 D.P.R. ____, pág. 5, res. el 28 de nov. de 2012, citando a, In re: Arroyo Rivera, 182 D.P.R. 732, 735 (2011); In re: Fiel Martínez, 180 D.P.R. 426, 439 (2010). Véanse, también: In re Rosario Martínez, 184 D.P.R. 494, 498 (2012); In re: Feliciano Jiménez, 176 D.P.R. 234 (2009).

En In re: García Ortiz, fuimos enfáticos en reiterar que "los abogados deben la más estricta observancia a las órdenes judiciales, más aún cuando se trata de procedimientos disciplinarios". 2013 T.S.P.R. 5, 187 D.P.R. ___, res. el 11 de dic. de 2013, pág. 19, citando a, In re: Nieves Nieves, 181 D.P.R. 25, 34-35 (2011). Incluso, hemos pautado que este deber no se limita a los requerimientos emitidos por este Foro, sino que también se extiende a las exigencias que le imponga cualquier otro foro al que el abogado se encuentre obligado a comparecer. In re: García Ortiz, *supra*, pág. 20, citando a, In re García Baliñas, 167 D.P.R. 125 (2006). A esos efectos, hemos sido diáfanos en

consignar que los requerimientos de ODIN exigen igual respeto. <u>In re: Montes Díaz</u>, 184 D.P.R. 90, 94 (2011).

Cuando un abogado incumple con nuestros requerimientos –o aquellos emitidos por ODIN– e ignora el apercibimiento de sanciones disciplinarias, hemos sido consistentes en suspenderlo indefinidamente de la práctica legal. <u>In re: Marques Latorre</u>, 2012 T.S.P.R. 145, 186 D.P.R. ___, res. el 15 de ago. de 2012, pág. 4, citando a, <u>In re: Rojas Rojas</u>, 185 D.P.R. 405, 407 (2012); <u>In re: Morales Rodríguez</u>, 179 D.P.R. 766, 770 (2010). Véanse, también: <u>In re: Montes Díaz</u>, *supra*; <u>In re Arroyo Rivera</u>, *supra*, págs. 735-736; <u>In re: Reyes Rovira</u>, 139 D.P.R. 42 (1995). Lo anterior se debe a que hemos interpretado que este proceder revela una "actitud de indiferencia y menosprecio a la autoridad del Tribunal Supremo", merecedora de la suspensión indefinida. <u>In re: Feliciano Jiménez</u>, *supra*, pág. 234, citando a, <u>In re: Pagán Ayala</u>, 130 D.P.R. 678, 683 (1992).

Ante la alta frecuencia de incumplimientos de esta naturaleza, le reiteramos una vez más a los profesionales del Derecho que

> **este tribunal no flaqueará en suspender a los togados que demuestren un reiterado incumplimiento con los términos finales y perentorios impuestos para cumplir con nuestras órdenes.** El hecho de que esta Curia esté en disposición de conceder prórrogas para lograr el cumplimiento con nuestras órdenes, en aras de corregir deficiencias al ejercicio de la profesión legal, no impide nuestra función disciplinaria. Tampoco exonera al letrado de las consecuencias de las violaciones éticas en que incurra ante este Foro. (Énfasis nuestro.) <u>In re: García Ortiz</u>, *supra*, págs. 24-25, citando a, <u>In re: Asencio Márquez</u>, 183 D.P.R. 659, 664 (2011).

IV.

La suspensión indefinida de la práctica de la abogacía y la notaría que hoy ordenamos, encuentra su justificación en dos deberes de trascendental importancia para la profesión legal: (1) el cumplimiento de las horas crédito de educación jurídica continua exigidas por nuestros Reglamentos y (2) el acatamiento oportuno de los múltiples requerimientos de este Tribunal, al igual que aquellos expedidos por cualquier otro foro al cual un abogado viene llamado a comparecer. En el caso de marras, el incumplimiento de ambos deberes encuentra su génesis en dos expedientes íntimamente relacionados entre sí. Aprovechando esta coyuntura para consolidar los mismos, procedemos a explicar las razones que sostienen nuestra determinación.

A.

En primer lugar, el licenciado Piñeiro Vega ha desatendido su obligación de obtener ciertos créditos de educación jurídica continua, conducentes a su desarrollo y capacitación profesional. Como articulamos anteriormente, la Regla 6 del Reglamento de Educación Jurídica Continua de 1998, *supra*, al igual que la Regla 28 del Reglamento de 2005, *supra*, exigen que un abogado cumpla con 24 horas crédito de educación jurídica continua cada dos años. En el caso de marras, el señor Piñeiro ha incumplido con dos periodos bienales de educación jurídica continua, a saber: del 1 de enero de 2007 hasta el 31 de diciembre de 2008, y del 1 de enero de 2009 hasta el 31 de diciembre de 2010.

Su incumplimiento es precedido por una actitud indiferente y en menosprecio de los requerimientos impuestos por el Programa de Educación Jurídica Continua y por esta Curia. Cuando la Directora del Programa expidió un *Aviso de Incumplimiento* al licenciado Piñeiro Vega, citándolo a una vista para que rindiera cuentas respecto a las razones por las cuales había incumplido con su obligación reglamentaria, el licenciado ignoró la citación informada, viéndose la Junta del Programa en la obligación de referir su caso ante nos.

Ante el referido que nos hizo el Programa, fuimos prontos en otorgarle un término al licenciado para que mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión. Éste respondió a nuestra imposición solicitándonos tiempo para cumplir con los requisitos de educación jurídica continua. A la luz de su petición, le extendimos un término de 60 días para que cumpliese con lo exigido. **Diez meses después de cumplido dicho término sin que esta Curia recibiese una respuesta del licenciado**, y luego de dos Resoluciones adicionales en las cuales le exigimos al licenciado que certificara a este Foro si había cumplido con los cursos de educación jurídica continua pendientes por satisfacer, las cuales nunca fueron contestadas por el señor Piñeiro Vega, éste compareció ante nos solicitando un periodo adicional para certificar su cumplimiento con las horas créditos pendientes por aprobar.

A pesar de haberle denegado esta solicitud, el licenciado nunca contestó. Por ello **expedimos una cuarta y**

**última Resolución**, en la cual le otorgamos 20 días para que mostrara causa por la cual no debía ser suspendido indefinidamente de la abogacía. Cuando finalmente contestó nuestro requerimiento, el licenciado presentó una moción en la cual arguye —sin ofrecer evidencia alguna en favor de su alegación— que ha satisfecho 13 de las 48 horas crédito pendientes por satisfacer.

Tomando como cierta su alegación, aún le restan por tomar 35 horas créditos de educación jurídica continua. De esas 35 horas créditos aún incompletas, el licenciado alega haberse matriculado en 12 créditos de educación jurídica continua. Aun dando entera fe y crédito a su aseveración —la cual no ha evidenciado con las hojas de matrícula correspondientes a cada curso— encontramos que el licenciado todavía no ha satisfecho 23 horas crédito de las 48 horas crédito por las cuales originalmente fue referido ante nos, a pesar de que ha gozado de casi dos años para cumplir con las mismas.

Luego de ofrecerle múltiples oportunidades al licenciado para que rectifique su omisión, nuestra paciencia se ha agotado. **Ante el incumplimiento del letrado con las horas crédito de educación jurídica continua antes indicadas, nos vemos obligados a suspenderlo indefinidamente del ejercicio de la abogacía hasta tanto cumpla con las exigencias de educación jurídica continua aún pendientes por satisfacer para los periodos bienales en mora. Según lo exige la Regla 10 del Reglamento de 1998,** *supra***, el licenciado no podrá ser readmitido al ejercicio**

**de la abogacía a no ser que, en su moción solicitando la reinstalación a la profesión, evidencie fehacientemente la forma en que cumplió con los requisitos de educación jurídica continua aún insatisfechos.**

Aprovechamos esta coyuntura para recordarle a la clase togada que la educación jurídica continua, como exigencia que emana de nuestro poder para reglamentar la profesión legal, existe para asegurar que nuestros letrados adquieran, desarrollen y actualicen sus destrezas jurídicas. Esta imposición persigue que nuestros abogados y notarios ejerzan su oficio dentro de unos márgenes de competencia y calidad, garantizando así que nuestra ciudadanía pueda participar de nuestro sistema de justicia asistidos por profesionales del Derecho que sean diestros y aptos en su labor legal. El incumplir con tal exigencia, no sólo le falta el respeto a este Tribunal y a su facultad inherente de velar por la disciplina y capacidad de los profesionales del Derecho, sino que atenta contra la seguridad de nuestra ciudadanía en su interés por obtener servicios legales competentes que le garanticen un acceso adecuado a la justicia.

B.

En segundo plano, el licenciado Piñeiro Vega ha violentado el Canon 9 de los Cánones de Ética Profesional, *supra*, el cual exige que un abogado observe para con este Tribunal una conducta que se caracterice por el mayor respeto, mediante el cumplimiento oportuno de los requerimientos que le imponemos.

Como bien hemos detallado, el señor Piñeiro Vega ha manifestado gran menosprecio a las Resoluciones de este Tribunal y a los requerimientos del Programa, al no comparecer oportunamente a las exigencias que le han impuesto ambos foros y al no cumplir cabalmente con los mandatos que le hemos dirigido. Esta actitud carente de diligencia no se ha circunscrito a los requerimientos de este Foro y del Programa. Más bien, el licenciado ha procedido con descuido en su rectificación de las deficiencias notariales que emanan de la queja presentada por el señor Toledo Colón. Como bien se desprende del trasfondo fáctico antes esbozado, el licenciado ha ignorado, en repetidas ocasiones, nuestros reclamos para que conteste los informes de ODIN y ha fallado en responder oportunamente a los requerimientos de ésta.

En su última comparecencia ante nos "contestando" el último informe de ODIN, el licenciado nada dice sobre la deuda arancelaria que pesa en su contra. Además, el letrado admite que aún no ha cumplido con la entrega de los índices mensuales e informes anuales que le fueron solicitados, no ha radicado la instancia registral que inscribe el derecho hereditario del individuo que le vendió la propiedad en controversia al quejoso y no acompaña evidencia de la encuadernación de sus protocolos notariales.

Esta contestación insuficiente, unida a las múltiples ocasiones en las cuales este Tribunal le ha ordenado al señor Piñeiro Vega que conteste los requerimientos del Programa y de ODIN sin éxito alguno, constituyen una falta

de respeto a esta Curia que violenta el Canon 9, *supra*. Sin lugar a dudas, hemos sido condescendientes y le hemos conferido múltiples oportunidades para que el letrado cumpla con la rectificación de los señalamientos notariales levantados por ODIN.

**Según indicamos anteriormente, la reinstalación al ejercicio de la abogacía del señor Piñeiro Vega queda sujeta a que cumpla con las horas crédito de educación jurídica continua que están en mora. Debido a que el ejercicio de la notaría está supeditado a que el señor Piñeiro Vega esté autorizado a ejercer la profesión de la abogacía (Art. 8, Ley Notarial, 4 L.P.R.A. Ap. XXIV) éste no podrá ejercer el notariado hasta tanto sea reinstalado en la práctica de la abogacía como abogado y hasta tanto demuestre a este Tribunal que ha subsanado cabalmente –de su propio peculio- todas las deficiencias notariales señaladas por ODIN. Además, una vez presente una moción de reinstalación constatando el cumplimiento de todo lo requerido en esta Opinión, habremos de determinar cuál será el curso a tomar en la adjudicación de la queja que aún pesa en su contra.**

V.

Por los fundamentos antes expuestos, suspendemos indefinidamente al señor Piñeiro Vega de la práctica de la abogacía y la notaría hasta tanto cumpla con las exigencias pautadas en esta Opinión y someta una moción de reinstalación que así lo constate.

El señor Piñeiro Vega deberá notificar a sus clientes que, por motivo de la suspensión aquí ordenada, no podrá continuar con su representación legal. Ante ello, deberá devolver a éstos los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados. Asimismo, informará de su suspensión a cualquier Sala del Tribunal General de Justicia o a cualquier foro administrativo ante el cual tenga un caso pendiente.

El señor Piñeiro Vega tiene la obligación de acreditar y certificar ante este Tribunal, en el término de 30 días, que cumplió con lo antes señalado. El cumplimiento con estos deberes también deberá ser notificado al Procurador General. Se ordena al Alguacil de este Tribunal a incautar inmediatamente la obra y el sello notarial del señor Piñeiro Vega. Previo a ser reinstalado en la práctica de la notaría, éste deberá evidenciar que ha subsanado, de su propio peculio, todas las deficiencias notariales que ODIN ha señalado en sus informes ante este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Orlando A. Piñeiro Vega

TS-11,911
AB-2010-248

SENTENCIA

San Juan, Puerto Rico, a 25 de febrero de 2013.

Por las razones expuestas en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se suspende indefinidamente al señor Piñeiro Vega de la práctica de la abogacía y la notaría hasta tanto cumpla con las exigencias pautadas en esta Opinión y someta una moción de reinstalación que así lo constate.

El señor Piñeiro Vega deberá notificar a sus clientes que, por motivo de la suspensión aquí ordenada, no podrá continuar con su representación legal. Ante ello, deberá devolver a éstos los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados. Asimismo, informará de su suspensión a cualquier Sala del Tribunal General de Justicia o a cualquier foro administrativo ante el cual tenga un caso pendiente.

El señor Piñeiro Vega tiene la obligación de acreditar y certificar ante este Tribunal, en el término de 30 días, que cumplió con lo antes señalado. El cumplimiento con estos deberes también deberá ser notificado al Procurador General. Se ordena al Alguacil de este Tribunal a incautar

inmediatamente la obra y el sello notarial del señor Piñeiro Vega. Previo a ser reinstalado en la práctica de la notaría, éste deberá evidenciar que ha subsanado, de su propio peculio, todas las deficiencias notariales que ODIN ha señalado en sus informes ante este Tribunal.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco concurre con el resultado sin opinión escrita.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo