per curiam:
Nuevamente nos vemos obligados a suspender a un notario por incumplir con los requerimientos de este Tribunal y de la Oficina de Inspección de Notarías (ODIN). Por los fundamentos esbozados a continuación, se ordena la suspensión inmediata e indefinida del Ledo. Juan J. Guadalupe Díaz del ejercicio de la notaría.
I
El licenciado Guadalupe Díaz fue admitido al ejercicio de la abogacía el 1 de julio de 1988 y al ejercicio de la notaría el 15 de agosto de 1998. El 21 de mayo de 2013, el Director de ODIN, Ledo. Manuel E. Avila De Jesús, pre-sentó ante esta Curia una "Moción informando aprobación con deficiencias de obra notarial incautada y otros *433 remedios”. En esta nos informó que la Inspectora de Protocolos había culminado el proceso de inspección de la obra notarial del licenciado Guadalupe Díaz.
Los Protocolos de 2000, 2002-2004 y 2008-2011 se apro-baron luego que el notario subsanara las deficiencias señaladas. No obstante, los Protocolos de 2001, 2005, 2006 y 2007 se aprobaron con deficiencias luego de un proceso administrativo en el cual el letrado acreditó que estas eran insubsanables. Por su parte, el Registro de Testimonios co-rrespondiente a los asientos 27,737-40,351 quedó pen-diente de aprobación, pues no se adhirieron los sellos de asistencia legal en 8,538 asientos, lo que equivale a una deuda de $25,641.
En vista de lo anterior y según la Regla 77(k) del Reglamento Notarial, 4 LPRAAp. XXIV, el licenciado Guadalupe Díaz solicitó una reunión con el Director Auxiliar. Se le concedió un término de sesenta días para satisfacer el pago total de los aranceles adeudados.
El 26 de octubre de 2012, el licenciado Guadalupe Díaz solicitó un término adicional para pagar la deuda. En aten-ción a ello, se le concedió un término final e improrrogable de sesenta días para cumplir con la deuda. También se advirtió al notario que el incumplimiento con la obligación arancelaria conllevaría referir el asunto ante este Tribunal. No obstante, al 15 de mayo de 2013, fecha cuando el Director de ODIN nos presentó su informe, el notario no había satisfecho la deuda arancelaria.
Atendido el asunto, el 13 de septiembre de 2013 emiti-mos una Resolución en la cual concedimos al licenciado Guadalupe Díaz un término final de diez días para que subsanara la deficiencia arancelaria y mostrara causa por la cual no debía ser suspendido de la profesión. También lo apercibimos de que su incumplimiento conllevaría la sus-pensión automática de la profesión y el referido al Depar-tamento de Justicia para el inicio del procedimiento de desacato.
*434 Luego de esto, el letrado compareció en cuatro ocasiones para mantenernos informados de varios casos que tenía pendientes, siendo la última comparecencia el 18 de no-viembre de 2013. Desde la primera comparecencia, informó que había logrado cancelar 2,405 sellos de asistencia legal para un total de $7,215. Informó también que, una vez recibiera más honorarios de abogados, procedería a cance-lar los sellos adeudados. No obstante, hoy, el notario no ha subsanado la deuda arancelaria existente.
II
Hemos sostenido en innumerables ocasiones que los notarios tienen el deber, una vez se le señalan faltas en su obra notarial, de subsanarlas y concertar una reunión con ODIN para la reinspección de los Protocolos. In re Román Jiménez, 161 DPR 727, 733 (2004). También, hemos expresado que “[n]ingún notario puede asumir una actitud pasiva y descansar en que la ODIN lo contact [e] para verificar si se corrigen adecuadamente los señalamientos que dicha oficina efectúe, máxime cuando la imagen de la profesión y la suya propia está en tela de juicio”. Íd.
Por otro lado, los abogados tienen la obligación ineludible de responder con diligencia a los requerimientos de este Tribunal y de ODIN. In re Arroyo Rivera, 182 DPR 732, 735-736 (2011). Véanse, además: In re Martínez Romero, 188 DPR 511 (2013); In re Buono Colón, 187 DPR 379, 382-383 (2012). El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, exige de todos los letrados el mayor de los respetos hacia los tribunales. Por ello, todo abogado debe responder con diligencia a los requerimientos y órdenes emitidas por este Tribunal. In re Martínez Class, 184 DPR 1050 (2012).
No obstante, una y otra vez nos vemos obligados a suspender abogados que muestran indiferencia y menosprecio a nuestras órdenes. In re Buono Colón, supra, pág. 383. *435 Ello, a pesar que es una norma reiterada que ante el in-cumplimiento con el deber de responder nuestros requeri-mientos y la ignorancia a los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata del ejerci-cio de la profesión. In re Lugo Cruz, 188 DPR 112 (2013).
HH H-I
A pesar de que el licenciado Guadalupe Díaz compareció en múltiples ocasiones ante la ODIN y este Foro, este ha demostrado dejadez en subsanar la deuda arancelaria en abierta violación a las órdenes emitidas por ambos entes. Tanto la ODIN como este foro le hemos concedido múltiples términos, desde junio de 2012, para satisfacer la deuda arancelaria. No obstante, hoy, el notario sigue adeudando la cantidad de $18,399.
En vista de lo anterior, se suspende inmediata e indefi-nidamente al Ledo. Juan J. Guadalupe Díaz del ejercicio de la notaría. Se ordena la incautación de su obra notarial reciente, así como de su sello notarial. Estos últimos debe-rán ser entregados al Director de ODIN para la correspon-diente investigación e informe suplementario. Por último, se refiere al letrado al Departamento de Justicia para la investigación correspondiente.

Se dictará Sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no intervino.