EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re | |
|-------|--|
| | 2011 TSPR 130 |
| | 182 DPR ____ |
| Elías Arroyo Rivera | |

Número del Caso: TS-12938

Fecha: 31 de agosto de 2011

Abogado del Querellado:

   Por derecho propio

Materia: Conducta Profesional- La suspensión será efectiva el 8 de septiembre de 2011 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Elías Arroyo Rivera                    TS-12938

PER CURIAM

San Juan, Puerto Rico, a 31 de agosto de 2011.

Nuevamente nos vemos en la obligación de suspender a un miembro de la profesión por incumplir con los requerimientos de este Tribunal. Por los motivos que se exponen a continuación, ordenamos la suspensión inmediata e indefinida del Lcdo. Elías Arroyo Rivera del ejercicio de la abogacía.

I

El Lcdo. Elías Arroyo Rivera fue admitido al ejercicio de la abogacía el 25 de enero de 2000 y el 9 de marzo de 2001 prestó juramento como notario. El 22 de noviembre de 2005, emitimos una Opinión *Per Curiam* mediante la cual lo suspendimos

de manera inmediata e indefinida del ejercicio de la abogacía y la notaría. Esto, por falta de pago de la cuota anual de colegiación y de la fianza notarial del Colegio de Abogados. *In re Arroyo Rivera I*, res. el 22 de noviembre de 2005, 2005 T.S.P.R. 180.

De conformidad con la sentencia dictada y el mandamiento expedido, el 30 de noviembre de 2005 la Oficina del Alguacil de este Tribunal incautó parcialmente la obra notarial del señor Arroyo Rivera. El 12 de diciembre de 2005, los alguaciles entregaron a la Oficina de Inspección de Notarías, en adelante "O.D.I.N.", lo que el señor Arroyo Rivera le hizo llegar como el resto de su obra notarial. Posteriormente, luego de acoger como una moción de reinstalación un escrito presentado por el señor Arroyo Rivera, le reinstalamos únicamente al ejercicio de la abogacía. *In re Arroyo Rivera II*, 166 D.P.R. 544 (2005).

El 10 de enero de 2007, la Directora Interina de O.D.I.N. presentó un informe ante este Tribunal sobre el estado de la obra notarial del licenciado Arroyo Rivera. Del mismo se desprende que la obra notarial examinada es escasa, pero adolece de múltiples deficiencias, entre las cuales se encuentran: falta de iniciales de otorgantes; protocolos no encuadernados; y omisión de dar fe del conocimiento o medio de identificación de otorgantes. Asimismo, el licenciado Arroyo Rivera dejó de rendir sus índices desde marzo de 2002 hasta el 3 de noviembre de 2005. También adeuda sus Informes de Actividad Notarial Anual de los años 2002, 2003 y 2004. El licenciado Arroyo

Rivera no compareció en varias ocasiones a O.D.I.N., a pesar de las citas coordinadas para ello.

El 21 de marzo de 2007 emitimos una resolución en la cual le concedimos al licenciado Arroyo Rivera un término de veinte (20) días para responder al Informe de O.D.I.N. Luego, a petición de éste, le extendimos una prórroga de diez (10) días para tal cometido.

El licenciado Arroyo Rivera presentó su contestación al informe y admitió que las faltas señaladas eran ciertas e irrefutables, y que fue indolente y negligente en el descargo de sus funciones como notario. Expuso estar en la mejor disposición de subsanar y corregir los errores, y que se comunicaría con O.D.I.N. a la mayor brevedad posible.

En atención a la comparecencia del licenciado Arroyo Rivera, el 19 de octubre de 2007 emitimos una resolución en la cual le concedimos un término de treinta (30) días para subsanar las deficiencias encontradas en su obra notarial. Se le apercibió que su incumplimiento con los términos de nuestra resolución podría conllevar la suspensión del ejercicio de la abogacía. Esta resolución se notificó el 26 de octubre de 2007. El 28 de noviembre de 2007 le concedimos un término adicional de diez (10) días para cumplir con nuestra resolución de 19 de octubre de 2007.

Vencido el plazo otorgado al licenciado para subsanar su obra notarial, y sin que éste así lo hiciera, el 29 de febrero de 2008 emitimos una resolución en la cual le concedimos el término final de diez (10) días para cumplir

con nuestra resolución de 19 de octubre de 2007. Esta resolución se notificó personalmente mediante la Oficina del Alguacil de este Tribunal el 12 de marzo de 2008. A petición del licenciado, el 30 de junio de 2008 nos dimos por enterados de lo informado en relación a nuestra resolución de 19 de octubre de 2007 y le concedimos diez (10) días para notificar el estado en que se encontraba la subsanación de la obra notarial.

Posteriormente, el 10 de diciembre de 2010, O.D.I.N. presentó ante nos un Informe Actualizado sobre Estado de Deficiencias de la Obra Notarial Incautada. En éste se sostiene que la gran mayoría de las faltas inicialmente notificadas aún permanecían sin corregir, a pesar de que se le indicó al licenciado cómo subsanarlas. Asimismo, el licenciado Arroyo Rivera no compareció a varias citas acordadas con O.D.I.N. para trabajar con las correcciones.

Luego de evaluar la respuesta a este Informe presentada por el licenciado Arroyo Rivera, el 4 de febrero de 2011 emitimos una resolución en la cual le impusimos una sanción de quinientos dólares ($500) por sus reiterados incumplimientos con O.D.I.N., a ser pagados en treinta (30) días. Además, le ordenamos que subsanara de inmediato las deficiencias de su obra notarial y le apercibimos que su incumplimiento conllevaría otras sanciones que incluyen la suspensión del ejercicio de la profesión. Esta resolución se notificó personalmente al licenciado Arroyo Rivera el 9 de febrero de 2011.

El 20 de mayo de 2011, el licenciado solicitó una prórroga de cinco (5) días. Le otorgamos hasta el 30 de mayo de 2011 para cumplir con nuestra resolución de 4 de febrero de 2011. Al día de hoy no ha cumplido.

II

En reiteradas ocasiones hemos expresado que los abogados tienen el deber y la obligación de responder diligentemente a los requerimientos y órdenes de este Tribunal. *In re* Arzón Rivera, 175 D.P.R. 763 (2009); *In re* Rodríguez Bigas, 172 D.P.R. 345 (2007). Además, hemos señalado que procede la suspensión inmediata de aquellos miembros de la profesión que incumplen nuestros requerimientos e ignoran los apercibimientos de sanciones disciplinarias. *In re* Torres Viera*,* 179 D.P.R. 868 (2010); *In re* Feliciano Jiménez, 176 D.P.R. 234 (2009); *In re* Laborde Freyre I, 154 D.P.R. 112 (2001). Los miembros de la profesión jurídica tienen la obligación de responder diligentemente a nuestros requerimientos. *In re* Otero Encarnación, 179 D.P.R. 827 (2010); *In re* Rodríguez Bigas, 172 D.P.R. 345 (2007).

No obstante lo anterior, constantemente nos enfrentamos a un sinnúmero de abogados que incumplen las órdenes de este Tribunal y de los organismos a los cuales hemos encomendado la tarea de investigar posibles violaciones a las normas que rigen la profesión. Es por ello que hemos resuelto que esa "actitud de indiferencia y menosprecio a la autoridad del Tribunal Supremo merecen su

suspensión indefinida". *In re* Pagán Ayala, 130 D.P.R. 678, 683 (1992).

De otra parte, ningún notario puede asumir una actitud pasiva y descansar en que O.D.I.N. lo contactará para verificar si se corrigieron adecuadamente los señalamientos que ésta efectuó, máxime cuando la imagen de la profesión y la suya propia está en tela de juicio. *In re* Román Jiménez, 161 D.P.R. 727, 733 (2004). Los abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal, así como a los de O.D.I.N. *In re* Montalvo Guzmán, 169 D.P.R. 847 (2007); *In re* Moreno Franco, 166 D.P.R. 787 (2006); *In re* Rivera Irizarry, 155 D.P.R. 687 (2001). Una vez el abogado se aparta de cumplir con los deberes que le impone la ley y el ordenamiento ético, incurre en conducta que acarrea una sanción disciplinaria. *In re* Montalvo Guzmán, *supra*.

III

En el caso de autos, la obra notarial sólo se compone de seis (6) instrumentos públicos y un tomo de Registro de Testimonios. Esta obra fue incautada en el año 2005 y a pesar de que las deficiencias son de fácil subsanación, han transcurrido más de cinco (5) años y aún la obra notarial permanece sin corregir. El 9 de febrero de 2011 la Oficina del Alguacil de este Tribunal notificó personalmente al licenciado Arroyo Rivera nuestra resolución de 4 de febrero de 2011, en la cual le impusimos la sanción de quinientos dólares ($500) por su reiterado incumplimiento con O.D.I.N.

y le ordenamos que subsanara de inmediato las deficiencias de su obra notarial. El licenciado solicitó una prórroga de cinco (5) días para cumplir con nuestra resolución. Le concedimos tal prórroga y ésta venció el 30 de mayo de 2011. Nada ha pasado.

El licenciado Arroyo Rivera ha hecho caso omiso de los requerimientos de este Tribunal. Por lo tanto, procede que lo suspendamos inmediata e indefinidamente del ejercicio de la abogacía. Esto, con el apercibimiento de que no estaremos dispuestos a decretar su reinstalación hasta que cumpla con todos los señalamientos de O.D.I.N. y nuestras resoluciones.

IV

Por los fundamentos antes expuestos, se ordena la suspensión inmediata e indefinida del licenciado Elías Arroyo Rivera de la práctica de la abogacía.

Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


Elías Arroyo Rivera                    TS-12938




SENTENCIA

San Juan, Puerto Rico, a 31 de agosto de 2011.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, se ordena la suspensión inmediata e indefinida del licenciado Elías Arroyo Rivera de la práctica de la abogacía.

Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal. Las Juezas Asociadas señoras Rodríguez Rodríguez y Pabón Charneco no intervinieron.


                    Aida Ileana Oquendo Graulau
                    Secretaria del Tribunal Supremo