per curiam:
Nuevamente nos vemos obligados a suspender a un miembro de la profesión jurídica por incumplir con los requerimientos de este Tribunal y de la Oficina de Inspección de Notarías (ODIN). Por los fundamentos esbo- *890 zados a continuación, se ordena la suspensión inmediata e indefinida del Ledo. Wilfredo E. Da Silva Arocho del ejer-cicio de la abogacía y la notaría.
I
El licenciado Da Silva Arocho fue admitido al ejercicio de la abogacía el 24 de septiembre de 1999 y juramentó como notario el 1 de octubre de 1999. Solicitó la renuncia voluntaria del ejercicio de la notaría mediante carta de 28 de julio de 2011 por haber sido nombrado al cargo de fiscal especial en el Departamento de Justicia.
Durante el transcurso del trámite de renuncia volunta-ria a la notaría, el letrado informó a ODIN que cuatro tomos de su Registro de Testimonios fueron hurtados en marzo de 2011. Por ello le concedimos un término de quince días para que entregara su obra notarial y reconstruyera los Registros de Testimonios hurtados. Surge del Informe sobre el Estado de la Obra Notarial, presentado por la entonces directora de ODIN, Leda. Lourdes I. Quintana Llórens el 13 de agosto de 2012, que el licenciado entregó su obra notarial, mas no re-construyó los registros hurtados. Se nos informó además que durante la inspección de la obra notarial entregada se detectaron deficiencias serias. Estas fueron notificadas oportunamente al licenciado Da Silva Arocho. El 14 de sep-tiembre de 2012 le concedimos un término final de treinta días para que reconstruyera los cuatro tomos del Registro de Testimonios hurtados y subsanara las deficiencias seña-ladas en el informe de ODIN. Lo apercibimos que el incum-plimiento con estos requerimientos podía conllevar sancio-nes disciplinarias.
En atención a lo anterior, el 19 de octubre de 2012 el licenciado Da Silva Arocho presentó una Moción Informativa. En esta adujo que enfrentaba problemas de salud y personales que le impedían cumplir con los requeri-mientos de este Tribunal. Por ello, solicitó un término adi- *891 cional de sesenta días para cumplir con nuestras órdenes. El 14 de diciembre de 2012 concedimos la solicitud del letrado. No obstante, cuando venció el término, el licenciado aún no había cumplido nuestras órdenes. Ante esto, y tras recibir el informe de ODIN, el 31 de mayo de 2013 le impusimos una sanción de $500 y le ordenamos que coordinara en diez días una reunión con ODIN para subsanar las deficiencias en su obra notarial.
Luego de esto, el 8 de julio de 2013 el licenciado presentó una Moción Informativa, en donde volvió a referirse a sus problemas de salud y a su situación económica precaria. So-licitó la reconsideración de la sanción impuesta. Esbozó que no era su intención responder negligentemente ni hacer caso omiso a los requerimientos de esta Curia. En atención a su comparecencia, el 24 de junio de 2013 le concedimos un término de veinte días para finalizar las correcciones a su obra notarial.
El 8 de octubre de 2013, el Director de ODIN compare-ció mediante una Moción Informativa Urgente. Nos in-formó que el licenciado Da Silva Arocho se reunió con la Inspectora de Protocolos el 24 de junio de 2013 y se com-prometió a atender los señalamientos sobre su obra notarial. No obstante, el letrado no compareció ni se excusó de la reunión de seguimiento que habían coordinado para el 7 de agosto de 2013. Tras lograr comunicarse nueva-mente con el licenciado Da Silva Arocho, la reunión se re-programó para el 12 de agosto de 2013. Llegada la fecha, el licenciado se excusó por teléfono por haber sufrido un per-cance, pero se comprometió a llevar a la próxima reunión parte de los aranceles adeudados. Sin embargo, a la fecha de la comparecencia de ODIN, este no había coordinado la reunión de seguimiento ni había pagado los aranceles adeudados.
Por otra parte, el actual director de ODIN, Ledo. Manuel E. Ávila De Jesús, también nos informó que, tras una evaluación del expediente del abogado, se percataron de *892 que el letrado adeudaba los Informes Estadísticos Anuales de Actividad Notarial para los años naturales 2006, 2007, 2009, 2011 y 2012, el índice de Actividad Notarial Mensual de agosto de 2006, así como todos los índices que cubren el periodo de mayo de 2011 hasta el presente.
Entonces, el Director de ODIN nos solicitó: (1) ordenar la incautación de la obra protocolar que haya autorizado el licenciado Da Silva Arocho desde el 1 de agosto de 2012 hasta el presente; (2) ordenar la subsanación de la obra protocolar que se encuentra en el Archivo Notarial de Ponce, incluyendo la reconstrucción de los cuatro tomos de Registro de Testimonios notificados como hurtados, y (3) ordenar la presentación de los Informes Estadísticos Anua-les de Actividad Notarial y de Actividad Notarial Mensual adeudados. El licenciado Da Silva Arocho no ha compare-cido a expresarse sobre este último Informe rendido por ODIN ni ha acreditado la subsanación de las deficiencias en su obra notarial.
II
Hemos sostenido que los notarios tienen el deber, una vez se le señalan faltas en su obra notarial, de subsanarlas y concertar una próxima reunión con ODIN para la reinspección de los Protocolos. In re Román Jiménez, 161 DPR 727, 733 (2004). De igual manera, hemos expresado que “[n]ingún notario puede asumir una actitud pasiva y descansar en que la ODIN lo contact [e] para verificar si se corrigen adecuadamente los señalamientos que [se] efectúe [n], máxime cuando la imagen de la profesión y la suya propia está en tela de juicio”. íd.
De igual forma, de acuerdo con el Art. 12 de la Ley Notarial de Puerto Rico, 4 LPRA see. 2023, y la Regla 12 de su Reglamento, 4 LPRA Ap. XXIV, los notarios tienen el deber de rendir índices mensuales sobre sus actividades *893 notariales no más tarde del décimo día calendario del mes siguiente al informado, aun cuando no hayan tenido acti-vidad notarial durante ese mes. Hemos enfatizado que el incumplimiento con esta obligación es una falta grave a los deberes que la fe pública notarial impone al notario, por lo que tal conducta merece sanciones disciplinarias graves. In re Miranda Casasnovas, 175 DPR 774, 777 (2009). Lo anterior aplica igualmente a la responsabilidad de todo nota-rio de presentar el informe estadístico de la actividad notarial que autorizó durante un año natural, el cual debe presentarse en o antes del último día del mes de febrero del año siguiente. Véanse: Art. 13-A de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2031a; Regla 13 del Reglamento Notarial de Puerto Rico, 4 LPRAAp. XXIV.
Por otra parte, los abogados tienen la obligación ineludible de responder con diligencia a los requerimientos de este Tribunal y de ODIN. In re Arroyo Rivera, 182 DPR 732, 735 (2011). Véanse, además: In re Martínez Romero, 188 DPR 512 (2013); In re Buono Colón, 187 DPR 379, 382-383 (2012). El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, exige a los abogados el mayor de los respetos hacia los tribunales. Por esto, todo letrado debe responder con diligencia a los requerimientos y las órdenes emitidas por este Tribunal. In re Martínez Class, 184 DPR 1050 (2012).
Sin embargo, una y otra vez nos vemos obligados a suspender abogados que muestran indiferencia y menosprecio a nuestras órdenes. In re Buono Colón, supra, pág. 383. Esto a pesar de que es norma reiterada que procede la suspensión inmediata del ejercicio de la profesión del abogado que no responde a nuestros requerimientos e ignora los apercibimientos de sanciones disciplinarias. In re Lugo Cruz, 188 DPR 112 (2013).
*894 III
El licenciado Da Silva Arocho ha demostrado suma de-jadez en atender los señalamientos de ODIN en torno a las deficiencias de su obra notarial y las órdenes emitidas por este Tribunal para atender esta situación. Aparte de esto, su conducta se agrava ante el incumplimiento con la obli-gación de presentar ante ODIN los Informes Estadísticos Anuales de Actividad Notarial por cinco años y cerca de treinta Informes de Actividad Notarial Mensual.
En vista de lo anterior, se suspende inmediata e indefi-nidamente al Ledo. Wilfredo E. Da Silva Arocho del ejerci-cio de la abogacía y la notaría. Se ordena la incautación de su obra notarial reciente, así como la de su sello notarial. Estos últimos deberán entregarse al Director de ODIN para la correspondiente investigación e informe suplementario. El letrado deberá, a su propio peculio, subsanar su obra protocolar, incluyendo la reconstrucción de los cuatro tomos de Registro de Testimonios hurtados. También deberá ren-dir, dentro de un término de treinta días, los Informes Es-tadísticos Anuales de Actividad Notarial y de Actividad Notarial Mensual adeudados.

Ante la decisión tomada por esta Curia, se paralizan los procedimientos disciplinarios sobre la Queja Núm. AB-2011-321 y la Querella Núm. CP-2013-23, las que se reac-tivarán cuando el señor Da Silva Arocho solicite su reins-talación al ejercicio de la abogacía.

Por último, el licenciado Da Silva Arocho deberá notifi-car a sus clientes que no puede continuar con su represen-tación legal por motivo de las suspensión y les devolverá los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual forma, infor-mará su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo donde tenga algún caso pendiente. Certificará a este Tribunal que hizo estas gestio-
*895
nes dentro del término de treinta días a partir de la notifi-cación de esta opinión y Sentencia.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no interviene.