EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Juan Javier Guadalupe Díaz | 2014 TSPR 33<br><br>190 DPR ____ |

Número del Caso: TS-8968


Fecha: 28 de febrero de 2014


Oficina de Inspección de Notarías:

      Lcdo. Manuel Ávila De Jesús
      Director


Materia: Conducta Profesional – La suspensión será efectiva el 7 de marzo de 2014 fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan Javier Guadalupe Díaz          TS-8968

PER CURIAM

En San Juan, Puerto Rico, a 28 de febrero de 2014.

Nuevamente nos vemos obligados a suspender a un notario por incumplir con los requerimientos de este Tribunal y de la Oficina de Inspección de Notarías (ODIN). Por los fundamentos esbozados a continuación, se ordena la suspensión inmediata e indefinida del Lcdo. Juan J. Guadalupe Díaz del ejercicio de la notaría.

I.

El licenciado Guadalupe Díaz fue admitido al ejercicio de la abogacía el 1 de julio de 1988 y al ejercicio de la notaría el 15 de agosto de 1998. El 21 de mayo de 2013, el Director de la Oficina de Inspección de Notarías (ODIN), Lcdo. Manuel E. Ávila

De Jesús, presentó ante esta Curia una *Moción informando aprobación con deficiencias de obra notarial incautada y otros remedios*. En esta, nos informó que la Inspectora de Protocolos había culminado el proceso de inspección de la obra notarial del licenciado Guadalupe Díaz.

Los protocolos de los años 2000, 2002-2004 y 2008-2011 fueron aprobados luego de que el notario subsanara las deficiencias señaladas. No obstante, los protocolos de los años 2001, 2005, 2006 y 2007 fueron aprobados con deficiencias, luego de un proceso administrativo en el cual el letrado acreditó que las mismas eran insubsanables. Por su parte, el Registro de Testimonios correspondiente a los asientos 27,737 - 40,351 quedó pendiente de aprobación pues no se adhirieron los sellos de asistencia legal en 8,538 asientos, lo que equivale a una deuda de $25,641.

En vista de lo anterior y a tenor con la Regla 77(k) del Reglamento Notarial, el licenciado Guadalupe Díaz solicitó una reunión con el Director Auxiliar. Se le concedió un término de sesenta (60) días para satisfacer el pago total de los aranceles adeudados.

El 26 de octubre de 2012, el licenciado Guadalupe Díaz solicitó un término adicional para pagar la deuda. En atención a ello, se le concedió un término final e improrrogable de sesenta (60) días para cumplir con la deuda. También se advirtió al notario que el incumplimiento con la obligación arancelaria conllevaría referir el asunto ante este Tribunal. No obstante, al día 15 de mayo de 2013,

fecha en que el Director de ODIN nos presentó su informe, el notario no había satisfecho la deuda arancelaria.

Atendido el asunto, el 13 de septiembre de 2013, emitimos una Resolución en la cual concedimos al licenciado Guadalupe Díaz un término final de diez (10) días para que subsanara la deficiencia arancelaria y mostrara causa por la cual no debía ser suspendido de la profesión. También lo apercibimos de que su incumplimiento conllevaría la suspensión automática de la profesión y el referido al Departamento de Justicia para el inicio del procedimiento de desacato.

Luego de esto, el letrado compareció en cuatro ocasiones para mantenernos informados de varios casos que tenía pendiente, siendo la última comparecencia el 18 de noviembre de 2013. Desde la primera comparecencia, informó que había logrado cancelar 2,405 sellos de asistencia legal para un total de $7,215. Informó también que una vez recibiera más honorarios de abogados, procedería a cancelar los sellos adeudados. No obstante, al día de hoy, el notario no ha subsanado la deuda arancelaria existente.

## II.

Hemos sostenido en innumerables ocasiones que los notarios tienen el deber, una vez se le señalan faltas en su obra notarial, de subsanarlas y concertar una próxima reunión con ODIN para la reinspección de los protocolos. In re Román Jiménez, 161 D.P.R. 727, 733 (2004). También, hemos expresado que "ningún notario puede asumir una

actitud pasiva y descansar en que la ODIN lo contact[e] para verificar si se corrigen adecuadamente los señalamientos que se efectúen, máxime cuando la imagen de la profesión y la suya propia está en tela de juicio". Íd.

Por otro lado, los abogados tienen la obligación ineludible de responder con diligencia a los requerimientos de este Tribunal y de ODIN. In re Arroyo Rivera, 182 D.P.R. 732, 735-736 (2011). Véanse además, In re Martínez Romero, 2013 T.S.P.R. 66, 188 D.P.R. __ (2013); In re Buono Colón, 187 D.P.R. 379, 382-383 (2012). El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX C.9, exige de todos los letrados el mayor de los respetos hacia los tribunales. Por ello, todo abogado debe responder con diligencia a los requerimientos y órdenes emitidas por este Tribunal. In re Martínez Class, 2012 T.S.P.R. 92, 184 D.P.R. ___ (2012).

No obstante, una y otra vez nos vemos obligados a suspender abogados que muestran indiferencia y menosprecio a nuestras órdenes. In re Buono Colón, *supra*, pág. 383. Ello, a pesar que es norma reiterada que ante el incumplimiento con el deber de responder nuestros requerimientos y la ignorancia a los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata del ejercicio de la profesión. In re Lugo Cruz, 2013 T.S.P.R. 38, 188 D.P.R. ___ (2013).

III.

A pesar de que el licenciado Guadalupe Díaz compareció en múltiples ocasiones ante la ODIN y este foro, este ha

demostrado dejadez en subsanar la deuda arancelaria en abierta violación a las órdenes emitidas por ambos entes. Tanto la ODIN como este foro le hemos concedido múltiples términos, desde junio de 2012, para satisfacer la deuda arancelaria. No obstante, al día de hoy, el notario sigue adeudando la cantidad de $18,399.

En vista de lo anterior, se suspende inmediata e indefinidamente al Lcdo. Juan J. Guadalupe Díaz del ejercicio de la notaría. Se ordena la incautación de su obra notarial reciente, así como de su sello notarial. Estos últimos deberán ser entregados al Director de ODIN para la correspondiente investigación e informe suplementario.

Por último, se refiere al letrado al Departamento de Justicia para la investigación correspondiente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan Javier Guadalupe Díaz        TS-8968

SENTENCIA

En San Juan, Puerto Rico, a 28 de febrero de 2014.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Juan J. Guadalupe Díaz del ejercicio de la notaría. Se ordena la incautación de su obra notarial reciente, así como de su sello notarial. Estos últimos deberán ser entregados al Director de ODIN para la correspondiente investigación e informe suplementario.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo