EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Hilton J. García Aguirre | 2014 TSPR 41 <br><br> 190 DPR ____ |

Número del Caso: TS-8058


Fecha: 10 de marzo de 2014


Oficina de Inspección de Notarías:

     Lcdo. Manuel Ávila de Jesús
     Director


Materia: Conducta Profesional- La suspensión será efectiva el 19 de marzo de 2014 fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Hilton J. García Aguirre          TS-8058


PER CURIAM

San Juan, Puerto Rico, a 10 de marzo de 2014.

Nuevamente, tenemos ante nuestra consideración la conducta de un abogado que ignora los requerimientos de este Tribunal y de la Oficina de Inspección de Notarías (ODIN), lo que nos obliga a ejercer nuestra facultad disciplinaria. Por los fundamentos aquí esbozados, ordenamos la suspensión inmediata e indefinida del Lcdo. Hilton J. García Aguirre del ejercicio de la profesión.

I.

El licenciado García Aguirre fue admitido al ejercicio de la abogacía el 26 de junio de 1985 y al de la notaría el 1 de agosto de ese mismo año.

El 8 de marzo de 2001, la ODIN presentó su Informe de Estado de la Notaría, en el cual señaló

múltiples deficiencias en la obra notarial del licenciado García Aguirre correspondiente a los años 1989 a 1997. El Informe sostuvo que

> la gama de deficiencias es amplia, a lo que se une, en demérito para el Notario, la recurrencia de estas y la desatención a nuestros requerimientos. Algunas de estas deficiencias, como las relativas a la autorización de testamentos, acusan gravedad mayor en vista de sus serias consecuencias. La negligencia del Notario a ese respecto desdice por demás del cuidado y esmero que exige el ejercicio notarial.

El 21 de marzo de 2001, concedimos al notario un término de 20 días para mostrar causa por la cual no debía ser suspendido de la abogacía. No compareció. El 7 de mayo de 2001, le concedimos un término adicional de 10 días y le apercibimos que su incumplimiento podría conllevar la suspensión del ejercicio de la abogacía. El 21 de mayo de 2001, el abogado compareció y mencionó brevemente las gestiones que estaba realizando para corregir su obra notarial. El 8 de junio de 2001, le concedimos un término de 60 días para culminar la corrección de la obra notarial.

El 25 de septiembre de 2001, concedimos a la ODIN un término de 30 días para informar si el licenciado García Aguirre había cumplido con nuestra Resolución del 8 de junio de 2001. La ODIN compareció oportunamente y nos informó que transcurrió el término concedido sin que el notario notificara a ODIN si en efecto pudo concluir las correcciones correspondientes o las gestiones realizadas para ello.

Así las cosas, el 14 de diciembre de 2001, concedimos al notario un término final e improrrogable de 30 días, apercibiéndole que incumplir con nuestras órdenes podría

conllevar sanciones disciplinarias severas. El 12 de febrero de 2002, el licenciado García Aguirre compareció mediante "Moción ofreciendo excusas y en cumplimiento de orden" y aseguró que corrigió todas las deficiencias de su obra notarial. El 1 de marzo de 2002, ordenamos a la ODIN que se expresara sobre lo informado por el letrado. El 12 de junio de 2002, la ODIN presentó su Informe y nos indicó que quedaban múltiples señalamientos por subsanar. El 16 de agosto de 2002, concedimos al notario un término de 30 días para reaccionar al Informe de la ODIN. No compareció.

El 1 de noviembre de 2002, le concedimos un término de 20 días para que nos mostrara causa por la cual no debíamos suspenderlo indefinidamente de la profesión o imponer otras sanciones disciplinarias por no haber subsanado en su totalidad los defectos señalados y por hacer caso omiso a nuestros requerimientos. El 27 de noviembre de 2002, el licenciado García Aguirre compareció mediante "Moción ofreciendo excusas e informativa". Detalló las gestiones que estaba realizando para subsanar su obra notarial y expresó que su incomparecencia se debió a que estaba fuera de Puerto Rico y no recibió la Resolución.

El 5 de septiembre de 2003, emitimos una Resolución en la que concedimos un término de 60 días a la ODIN para someter su informe final sobre la obra notarial. Así lo hizo. El 4 de noviembre de 2003, concedimos al notario un término de 30 días para que mostrara causa por la cual no debíamos suspenderlo indefinidamente del ejercicio de la notaría. El 1 de diciembre de 2003, el abogado compareció mediante "Moción

solicitando término para reaccionar". En vista de lo anterior, el 22 de diciembre de 2003, le concedimos un término adicional de 30 días.

El 17 de febrero de 2004, el licenciado García Aguirre presentó una "Moción en cumplimiento de orden y solicitud de término final para reaccionar a informe final sobre el estado de la corrección" en la que detalló sus esfuerzos por lograr la corrección de su obra notarial. El 5 de marzo de 2004, concedimos a la ODIN un término de 30 días para exponer su posición.

La próxima incidencia que surge del expediente con relación a la controversia que nos ocupa ocurrió el 20 de septiembre de 2013, cuando el Director de la ODIN presentó ante nos su "Informe sobre el estado de la obra notarial". Nos indicó que, durante los meses de marzo a septiembre de 2012, la Inspectora de Protocolos inspeccionó la obra notarial del licenciado García Aguirre correspondiente a los años 2002 a 2010 y encontró varias deficiencias, las cuales señaló en un primer informe. Añadió que, transcurridos cuatro meses sin que el notario subsanara las deficiencias, la Inspectora de Protocolos presentó un segundo informe en el que añadió a las deficiencias ya señaladas otros señalamientos relacionados con la obra protocolar correspondiente a los años 1997 a 2001. Agregó que la ODIN remitió este informe al licenciado García Aguirre el 20 de marzo de 2013 y le concedió un término de 15 días para presentar cualquier objeción. Indicó que la notificación, según su acuse del sistema de correo federal, fue recibida el

28 de marzo de 2013 en la dirección postal oficial del licenciado García Aguirre que obra en el Registro Único de Abogados.

La ODIN nos indicó que, al momento de redactar su informe, no había recibido respuesta alguna del abogado y destacó el patrón reiterado del licenciado García Aguirre de ignorar los requerimientos de que subsane las deficiencias en su obra previamente notificadas. Entre las deficiencias detalladas en el Informe, figuran falta de expresión de unidad de acto, uso incorrecto de testigos, falta de iniciales y firmas, falta de datos sobre las facultades de representación, falta de nombres de cónyuges, datos personales de otorgantes incompletos, entre otros. Al respecto, la ODIN sostuvo que "[r]esulta evidente, pues, que el licenciado García Aguirre ha faltado reiteradamente a su deber de ser diligente en sus gestiones como notario por no asegurarse de dar cumplimiento a todas las solemnidades al preparar y autorizar muchos de los instrumentos públicos otorgados ante sí". Asimismo, advirtió que "[l]as deficiencias señaladas ponen en entredicho la validez de los mismos".

En vista de lo informado por la ODIN, el 13 de diciembre de 2013 emitimos una Resolución en la que concedimos al licenciado García Aguirre un término de 30 días para contestar los requerimientos del Director y subsanar las deficiencias mencionadas. Le apercibimos que su incumplimiento con lo ordenado podría conllevar sanciones disciplinarias. Este término venció el 11 de enero de 2014,

sin que el abogado de epígrafe cumpliera con lo ordenado o solicitara prórroga alguna.

No fue hasta el 31 de enero de 2014 que el licenciado García Aguirre compareció mediante "Moción informativa y en solicitud de prórroga". Informó que asumió la representación legal de un acusado de tentativa de asesinato, lo cual le "ha privado del tiempo de atender otros casos y nuestros asuntos personales y profesionales como el presente". Por ello, solicitó que le concediéramos un término, una vez concluido el proceso criminal mencionado, para cumplir con nuestros requerimientos.

El 26 de febrero de 2014, el Director de la ODIN presentó una "Moción informativa y en solicitud de remedios" en la que señaló que el licenciado García Aguirre incumplió con nuestra Resolución. En particular, nos señaló que "la obra notarial del licenciado García Aguirre correspondiente a los años 1989; 1997 al 2000; y 2002 al 2010 permanece sin corregir. De igual manera, expresamos que el licenciado García Aguirre no ha mostrado preocupación o interés alguno en subsanar la misma, contrario a sus deberes como notario". Asimismo, sostuvo que la dejadez mostrada por el notario denota total indiferencia a los requerimientos de la ODIN y de este Foro.

## II.

Todo abogado está obligado a cumplir y atender diligentemente con los requerimientos de esta Curia relativos a su conducta profesional. In re Irizarry Colón, 2013

T.S.P.R. 145, 189 D.P.R. ___ (2013); In re Fiel Martínez, 180 D.P.R. 426, 430 (2010). Lo contrario equivale a una violación al Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, que establece que: "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto".

Asimismo, los abogados están obligados a responder diligentemente los requerimientos de la ODIN. In re Da Silva Arocho, 2013 T.S.P.R. 142, 189 D.P.R. ____ (2013); In re Arroyo Rivera, 182 D.P.R. 732, 735-736 (2011). De hecho, los notarios tienen el deber de subsanar las deficiencias señaladas en su obra notarial y concertar una próxima reunión con la ODIN para que sus protocolos sean reinspeccionados. In re Da Silva Arocho, supra; In re Román Jiménez, 161 D.P.R. 727, 733 (2004).

Como hemos reiterado, este Tribunal no tolerará la actitud de indiferencia por parte de un miembro de nuestra profesión ante nuestras órdenes o los requerimientos de la ODIN. In re López González, 2013 T.S.P.R. 105, 189 D.P.R. ___ (2013). Por tanto, cuando un letrado ignora nuestros requerimientos y apercibimientos de sanciones disciplinarias, procede su suspensión inmediata e indefinida del ejercicio de la profesión. In re Montes Díaz, 184 D.P.R. 90, 94-95 (2012); In re Feliciano Jiménez, supra. No obstante, constantemente nos vemos obligados a suspender abogados que toman livianamente esa responsabilidad al mostrar indiferencia a nuestras órdenes. In re Ballesteros La Salle, 2014 T.S.P.R.

17, 190 D.P.R. ___ (2014); In re Buono Colón, 187 D.P.R. 379, 383 (2012).

III.

De los hechos antes mencionados, se desprende que el licenciado García Aguirre ha mostrado desidia e indiferencia ante los requerimientos de la ODIN y de este Tribunal relacionados con las deficiencias de su obra notarial correspondiente a los años 1997 a 2010. Particularmente, incumplió con el término de 15 días concedido por la ODIN el 20 de marzo de 2013 para objetar el Informe presentado. También hizo caso omiso a nuestra Resolución del 13 de diciembre de 2013 en la que le concedimos un término adicional para contestar los requerimientos de la ODIN, bajo el apercibimiento de que lo contrario conllevaría sanciones disciplinarias. Sin embargo, el abogado ignoró nuestra orden. Incluso, la ODIN nos señaló que este no ha mostrado preocupación o interés alguno en subsanar su obra notarial.

Indudablemente, la actitud del licenciado García Aguirre denota indiferencia a nuestras órdenes, lo cual constituye una violación a su deber ético de observar una conducta caracterizada por el mayor respeto hacia los tribunales.

Por todo lo anterior, se suspende inmediata e indefinidamente al Lcdo. Hilton J. García Aguirre del ejercicio de la abogacía y la notaría. Se ordena la incautación de su obra y sello notarial. Estos últimos deberán ser entregados al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Además, el licenciado deberá notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos en los que tenga algún caso pendiente. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de 30 días a partir de la notificación de esta Opinión y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Hilton J. García Aguirre            TS-8058

SENTENCIA

San Juan, Puerto Rico, a 10 de marzo de 2014.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Hilton J. García Aguirre del ejercicio de la abogacía y la notaría. Se ordena la incautación de su obra y sello notarial. Estos últimos deberán ser entregados al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Además, el licenciado deberá notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos en los que tenga algún caso pendiente. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de 30 días a partir de la notificación de esta Opinión y Sentencia.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo