per curiam:
En esta ocasión nos vemos obligados a suspender a un miembro de la profesión jurídica por incumplir con los requerimientos de este Tribunal y de la Oficina de Inspección de notarías (ODIN). Por los fundamentos esbo-zados a continuación, se ordena la suspensión inmediata e indefinida del Ledo. Víctor M. Padilla Santiago del ejercicio de la abogacía.
I
El licenciado Padilla Santiago fue admitido al ejercicio de la abogacía el 15 de mayo de 1981 y al ejercicio de la *536 notaría el 23 de junio de 1981. No obstante, lo suspendimos del notariado mediante opinión per curiam el 5 de marzo de 2003. A raíz de esta suspensión, la obra notarial del letrado fue incautada e inspeccionada por ODIN. En su Informe, la Directora de ODIN para ese entonces, Leda. Lourdes Quintana Lloréns, señaló que varias escrituras que otorgó el letrado eran nulas por este no haberlas fir-mado y que en varios testamentos no se acreditaba la pre-sencia de testigos. En vista de lo anterior, el notario pre-sentó una Moción Urgente Solicitando Reinstalación Provisional o Condicionada por el término de 30 días, para este autorizar las escrituras señaladas. Esta solicitud fue declarada “sin lugar” y le concedimos un término de 20 días para que subsanara las deficiencias en su obra notarial.
El 22 de febrero de 2010, la Directora de ODIN compa-reció nuevamente mediante Moción Informativa. Señaló que, a pesar de que el letrado había subsanado varias de-ficiencias, aún quedaban varias faltas sin atender. A su vez, el licenciado Padilla Santiago compareció mediante Contestación a Moción Informativa, y reiteró su solicitud de reinstalación provisional al ejercicio del notariado. Atendidos estos escritos, el 30 de diciembre de 2010 conce-dimos un término de 30 días a ODIN para que se expresara. ODIN compareció oportunamente. Se opuso a que lo reinstaláramos al ejercicio de la notaría debido a su falta de diligencia con relación a sus señalamientos y en vista de que su obra no había sido aprobada. Así las cosas, el 9 de noviembre de 2010 declaramos “sin lugar” la peti-ción del letrado y concedimos un término de 30 días a ODIN para aclarar unos particulares con respecto a la obra notarial del licenciado Padilla Santiago. Este último volvió a solicitar la readmisión en varias ocasiones, mientras que ODIN compareció y cumplió con lo ordenado. Examinados los escritos de las partes, volvimos a denegar la petición *537 del letrado y le concedimos un término final de 120 días para subsanar las deficiencias encontradas en su obra notarial. Se le apercibió que su incumplimiento con la or-den conllevaría la suspensión inmediata e indefinida de la abogacía.
En el ínterin, el letrado nos informó de las gestiones realizadas para atender nuestros requerimientos y solicitó un término adicional de 90 días para completar sus esfuer-zos de subsanación. Así lo hicimos mediante Resolución de 3 de junio de 2011. Por su parte, el 15 de junio de 2012 concedimos un término de 20 días a ODIN para que se expresara. ODIN nos informó que a pesar de los esfuerzos realizados por el licenciado Padilla Santiago y el notario a quien contrató, la obra notarial continuaba sin aprobarse y que necesitaban copias certificadas de ciertas escrituras para poder constatar las correcciones realizadas. Por ello, le ordenamos presentar en ODIN las referidas copias certificadas. El letrado nos informó que así lo había hecho, por lo que concedimos un término de 30 días a ODIN para que nos acreditara lo anterior. En su comparecencia, ODIN señaló que la obra notarial todavía contenía serias faltas y recomendó concederle un término final de 60 días para atender los señalamientos pendientes. Así lo hicimos el 28 de junio de 2013 mediante una resolución, en la cual le apercibimos que su incumplimiento conllevaría la suspen-sión inmediata de la profesión. Esta resolución fue diligen-ciada personalmente.
No obstante el historial procesal aquí detallado, en dos ocasiones posteriores, ODIN se ha visto forzada a compa-recer ante nos para informarnos de las deficiencias que aún siguen sin subsanar en la obra del licenciado Padilla Santiago. Por su parte, este último nos informó que no ha podido atender el asunto debido a una intervención quirúr-gica a la que fue sometida su esposa.
*538 II
 Es norma reiterada que los notarios tienen el de-ber, una vez se les señalan faltas en su obra notarial, de subsanarlas y concertar una próxima reunión con ODIN para la reinspección de los Protocolos. In re Román Jiménez, 161 DPR 727, 733 (2004). Hemos expresado, además, que “[n]ingún notario puede asumir una actitud pasiva y descansar en que la ODIN lo contact [e] para verificar si se corrigen adecuadamente los señalamientos que [se] efectúe [n], máxime cuando la imagen de la profesión y la suya propia está en tela de juicio”. Íd.
Por su parte, los abogados tienen la obligación ineludible de responder con diligencia a los requerimientos de este Tribunal y de la ODIN. In re Arroyo Rivera, 182 DPR 732, 735-736 (2011). Véanse, además: In re Martínez Romero, 188 DPR 511 (2013); In re Buono Colón, 187 DPR 379, 382-383 (2012). El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, exige de todos los letrados el mayor de los respetos hacia los tribunales. Por esta razón, todo abogado debe responder con diligencia a los requerimientos y órdenes emitidas por este Tribunal. In re Martínez Class, Caso Núm. TS-13,474, 184 DPR Ap.(2012).
Sin embargo, nos vemos obligados a suspender aboga-dos que muestran indiferencia y menosprecio a nuestras órdenes. In re Buono Colón, supra, pág. 383. Ello, a pesar de que es norma reiterada que ante el incumplimiento con el deber de responder nuestros requerimientos y la ignorancia a los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata del ejercicio de la profesión. In re Lugo Cruz, 188 DPR 112 (2013).
III
A pesar de que el licenciado Padilla Santiago compare-ció en múltiples ocasiones ante la ODIN y este Foro, ha *539 demostrado dejadez en subsanar las deficiencias serias de su obra notarial en abierta violación a las órdenes emitidas por ambos entes. Tanto la ODIN como este Tribunal le he-mos concedido múltiples términos, desde el 2003, para cumplir con nuestras órdenes. No obstante, aún hoy la obra notarial del licenciado Padilla Santiago continúa con faltas.
En vista de lo anterior, se suspende inmediata e indefi-nidamente al Ledo. Víctor M. Padilla Santiago del ejercicio de la abogacía. El licenciado deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a estos los expedientes de cualquier caso pendiente y los honorarios recibidos por tra-bajos no realizados. De igual forma, informará su suspen-sión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá certificar haber hecho estas gestiones a este Tribunal dentro del término de 30 días a partir de la notificación de esta opinión y sentencia.

Se dictará sentencia de conformidad.