per curiam:
Nuevamente tenemos ante nuestra conside-ración la conducta de un abogado que ignora los requeri-mientos de este Tribunal y de la Oficina de Inspección de Notarías (ODIN), lo que nos obliga a ejercer nuestra facul-tad disciplinaria. Por los fundamentos aquí esbozados, or-denamos la suspensión inmediata e indefinida del Ledo. Hilton J. García Aguirre del ejercicio de la profesión.
I
El licenciado García Aguirre fue admitido al ejercicio de la abogacía el 26 de junio de 1985 y al de la notaría el 1 de agosto de ese mismo año. El 8 de marzo de 2001, ODIN presentó su Informe de Estado de la Notaría, en el cual señaló múltiples deficiencias en la obra notarial del licen-ciado García Aguirre correspondiente a los años 1989 a 1997. El informe sostuvo que
[...] la gama de deficiencias es amplia, a lo que se une, en demérito para el Notario, la recurrencia de estas y la desaten-ción a nuestros requerimientos. Algunas de estas deficiencias, como las relativas a la autorización de testamentos, acusan gravedad mayor en vista de sus serias consecuencias. La ne- *541 gligencia del Notario a ese respecto desdice por demás del cui-dado y esmero que exige el ejercicio notarial. Informe de es-tado de la notaría de 8 de marzo de 2001, pág. 2.
El 21 de marzo de 2001 concedimos al notario un tér-mino de 20 días para mostrar causa por la cual no debía ser suspendido de la abogacía. No compareció. El 7 de mayo de 2001 le concedimos un término adicional de 10 días y le apercibimos que su incumplimiento podría conlle-var la suspensión del ejercicio de la abogacía. El 21 de mayo de 2001 el abogado compareció y mencionó breve-mente las gestiones que estaba realizando para corregir su obra notarial. El 8 de junio de 2001 le concedimos un tér-mino de 60 días para culminar la corrección de la obra notarial.
El 25 de septiembre de 2001 concedimos a ODIN un término de 30 días para informar si el licenciado García Aguirre había cumplido con nuestra Resolución de 8 de junio de 2001. ODIN compareció oportunamente y nos in-formó que transcurrió el término concedido sin que el no-tario notificara a ODIN si en efecto pudo concluir las co-rrecciones correspondientes o las gestiones realizadas para ello.
Así las cosas, el 14 de diciembre de 2001 concedimos al notario un término final e improrrogable de 30 días, aper-cibiéndole que incumplir con nuestras órdenes podría con-llevar sanciones disciplinarias graves. El 12 de febrero de 2002 el licenciado García Aguirre compareció mediante una “Moción ofreciendo excusas y en cumplimiento de or-den” y aseguró que corrigió todas las deficiencias de su obra notarial. El 1 de marzo de 2002 ordenamos a ODIN que se expresara sobre lo informado por el letrado. El 12 de junio de 2002 ODIN presentó su informe y nos indicó que quedaban múltiples señalamientos por subsanar. El 16 de agosto de 2002 concedimos al notario un término de 30 días para reaccionar al informe de ODIN. No compareció.
*542 El 1 de noviembre de 2002 le concedimos un término de 20 días para que nos mostrara causa por la cual no debía-mos suspenderlo indefinidamente de la profesión o impo-nerle otras sanciones disciplinarias por no haber subsa-nado en su totalidad los defectos señalados y por hacer caso omiso a nuestros requerimientos. El 27 de noviembre de 2002, el licenciado García Aguirre compareció mediante una “Moción ofreciendo excusas e informativa”. Detalló las gestiones que estaba realizando para subsanar su obra notarial y expresó que su incomparecencia se debió a que estaba fuera de Puerto Rico y que no había recibido la Resolución.
El 5 de septiembre de 2003 emitimos una Resolución en la que concedimos un término de 60 días a ODIN para someter su informe final sobre la obra notarial. Así lo hizo. El 4 de noviembre de 2003 concedimos al notario un tér-mino de 30 días para que mostrara causa por la cual no debíamos suspenderlo indefinidamente del ejercicio de la notaría. El 1 de diciembre de 2003 el abogado compareció mediante una “Moción solicitando término para reaccionar”. En vista de lo anterior, el 22 de diciembre de 2003 le concedimos un término adicional de 30 días.
El 17 de febrero de 2004 el licenciado García Aguirre presentó una “Moción en cumplimiento de orden y solicitud de término final para reaccionar a informe final sobre el estado de la corrección”, en la que detalló sus esfuerzos por lograr la corrección de su obra notarial. El 5 de marzo de 2004 concedimos a ODIN un término de 30 días para que expusiera su posición.
La próxima incidencia que surge del expediente con re-lación a la controversia que nos ocupa ocurrió el 20 de sep-tiembre de 2013, cuando el Director de ODIN presentó ante nos su “Informe sobre el estado de la obra notarial”. Nos indicó que durante los meses de marzo a septiembre de 2012, la Inspectora de Protocolos inspeccionó la obra notarial del licenciado García Aguirre correspondiente a *543 los años 2002 a 2010 y encontró varias deficiencias, las cuales señaló en un primer informe. Añadió que, transcu-rridos cuatro meses sin que el notario subsanara las defi-ciencias, la Inspectora de Protocolos presentó un segundo informe en el que añadió a las deficiencias ya señaladas otros señalamientos relacionados con la obra protocolar co-rrespondiente a los años 1997 a 2001. Agregó que ODIN remitió este informe al licenciado García Aguirre el 20 de marzo de 2013 y que le concedió un término de 15 días para que presentara cualquier objeción. Indicó que la noti-ficación, según su acuse del sistema de correo federal, se recibió el 28 de marzo de 2013 en la dirección postal oficial del licenciado García Aguirre que obra en el Registro Unico de Abogados.
ODIN nos indicó que, al momento de redactar su in-forme, no había recibido respuesta alguna del abogado y destacó el patrón reiterado del licenciado García Aguirre de ignorar los requerimientos de que subsane las deficien-cias en su obra previamente notificadas. Entre las deficien-cias detalladas en el Informe figuran la falta de expresión de unidad de acto, el uso incorrecto de testigos, la falta de iniciales y firmas, la falta de datos sobre las facultades de representación, la falta de nombres de cónyuges, los datos personales incompletos de otorgantes, entre otras. Al res-pecto, ODIN sostuvo que “[rjesulta evidente, pues, que el licenciado García Aguirre ha faltado reiteradamente a su deber de ser diligente en sus gestiones como notario por no asegurarse de dar cumplimiento a todas las solemnidades al preparar y autorizar muchos de los instrumentos públi-cos otorgados ante sí”. Informe sobre el estado de la obra notarial de 20 de septiembre de 2013, pág. 4. Asimismo, advirtió que “[l]as deficiencias señaladas ponen en entredi-cho la validez de los mismos”. íd.
En vista de lo informado por ODIN, el 13 de diciembre de 2013 emitimos una Resolución en la que concedimos al licenciado García Aguirre un término de 30 días para con- *544 testar los requerimientos del Director y subsanar las defi-ciencias mencionadas. Le apercibimos que su incumpli-miento con lo ordenado podría conllevar sanciones disciplinarias. Este término venció el 11 de enero de 2014 sin que el abogado de epígrafe cumpliera con lo ordenado o solicitara prórroga alguna.
No fue hasta el 31 de enero de 2014 que el licenciado García Aguirre compareció mediante una “Moción informa-tiva y en solicitud de prórroga”. Informó que asumió la representación legal de un acusado de tentativa de asesi-nato, lo cual le “ha privado del tiempo de atender otros casos y nuestros asuntos personales y profesionales como el presente”. Por ello, solicitó que le concediéramos un tér-mino, una vez concluido el proceso criminal mencionado, para cumplir con nuestros requerimientos.
El 26 de febrero de 2014 el Director de ODIN presentó una “Moción informativa y en solicitud de remedios”, en la que señaló que el licenciado García Aguirre incumplió con nuestra Resolución. En particular, nos señaló que
[...] la obra notarial del licenciado García Aguirre correspon-diente a los años 1989; 1997 al 2000; y 2002 al 2010 perma-nece sin corregir. De igual manera, expresamos que el licen-ciado García Aguirre no ha mostrado preocupación o interés alguno en subsanar la misma, contrario a sus deberes como notario.
Asimismo, sostuvo que la dejadez mostrada por el nota-rio denota total indiferencia a los requerimientos de ODIN y de este Foro.
II
Todo abogado está obligado a cumplir y atender diligentemente con los requerimientos de esta Curia relativos a su conducta profesional. In re Irizarry Colón, 189 D.P.R. 913 (2013); In re Fiel Martínez, 180 DPR 426, 430 *545 (2010). Lo contrario equivale a una violación al Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, que esta-blece que “[e]l abogado debe observar para con los tribuna-les una conducta que se caracterice por el mayor respeto”.
Asimismo, los abogados están obligados a responder diligentemente los requerimientos de ODIN. In re Da Silva Arocho, 189 DPR 888 (2013); In re Arroyo Rivera, 182 DPR 732, 735-736 (2011). De hecho, los notarios tienen el deber de subsanar las deficiencias señaladas en su obra notarial y concertar una próxima reunión con ODIN para que sus Protocolos sean reinspeccionados. In re Da Silva Arocho, supra; In re Román Jiménez, 161 DPR 727, 733 (2004).
Como hemos reiterado, este Tribunal no tolerará la actitud de indiferencia por parte de un miembro de nuestra profesión a nuestras órdenes o a los requerimientos de ODIN. In re López González, 189 DPR 581 (2013). Por lo tanto, cuando un letrado ignora nuestros requerimientos y apercibimientos de sanciones disciplinarias, procede su suspensión inmediata e indefinida del ejercicio de la profesión. In re Montes Díaz, 184 DPR 90, 94-95 (2011); In re Feliciano Jiménez, 176 DPR 234 (2009). No obstante, constantemente nos vemos obligados a suspender abogados que toman livianamente esa responsabilidad al mos-trar indiferencia a nuestras órdenes. In re Ballesteros La Salle, 190 DPR 222 (2014); In re Buono Colón, 187 DPR 379, 383 (2012).
III
De los hechos antes mencionados surge que el licenciado García Aguirre ha mostrado desidia e indiferencia a los requerimientos de ODIN y de este Tribunal relacionados con las deficiencias de su obra notarial correspondiente a los años 1997 a 2010. Particularmente, incumplió con el término de 15 días concedido por ODIN el 20 de marzo de *546 2013 para objetar el Informe presentado. También hizo caso omiso a nuestra Resolución del 13 de diciembre de 2013, en la que le concedimos un término adicional para contestar los requerimientos de ODIN bajo el apercibi-miento de que lo contrario conllevaría sanciones disciplinarias. Sin embargo, el abogado ignoró nuestra orden. Incluso, ODIN nos señaló que este no ha mostrado preocupación o interés alguno en subsanar su obra notarial. Indudablemente, la actitud del licenciado García Aguirre denota indiferencia a nuestras órdenes, lo cual constituye una violación a su deber ético de observar una conducta caracterizada por el mayor respeto hacia los tribunales.
Por todo lo anterior, se suspende inmediata e indefinida-mente al Ledo. Hilton J. García Aguirre del ejercicio de abogacía y la notaría. Se ordena la incautación de su obra y su sello notarial, los que deberá entregar al Director de ODIN para la correspondiente investigación e informe. Además, el licenciado deberá notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realiza-dos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos en los que tenga algún caso pendiente. Estas gestiones deberán certificarse a este Tribunal dentro del término de 30 días a partir de la notificación de esta Opinión y Sentencia.

Se dictará Sentencia de conformidad.