EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:  Víctor M. Padilla Santiago | 2014 TSPR 37  190 DPR ____ |
| --- | --- |

Número del Caso: TS-7159


Fecha: 10 de marzo de 2014


Oficina de Inspección de Notarías:

      Lcdo. Manuel Ávila de Jesús
      Director



Materia: Conducta Profesional– La suspensión será efectiva el 17 de marzo de 2014 fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcdo. Víctor M. Padilla Santiago          TS-7159

PER CURIAM

San Juan, Puerto Rico, a 10 de marzo de 2014.

En esta ocasión, nos vemos obligados a suspender a un miembro de la profesión jurídica por incumplir con los requerimientos de este Tribunal y de la Oficina de Inspección de Notarías (ODIN). Por los fundamentos esbozados a continuación, se ordena la suspensión inmediata e indefinida del Lcdo. Víctor M. Padilla Santiago del ejercicio de la abogacía.

I.

El licenciado Padilla Santiago fue admitido al ejercicio de la abogacía el 15 de mayo de 1981 y al ejercicio de la notaría el 23 de junio de 1981. No obstante, lo suspendimos del notariado mediante Opinión *Per Curiam* el 5 de marzo de 2003. A raíz de

esta suspensión, la obra notarial del letrado fue incautada e inspeccionada por la ODIN. En su Informe, la Directora de ODIN para ese entonces, Lcda. Lourdes Quintana Lloréns, señaló que varias escrituras que otorgó el letrado eran nulas por falta de su firma y que en varios testamentos no se acreditaba la presencia de testigos. En vista de lo anterior, el notario presentó una *Moción urgente Solicitando Reinstalación Provisional o Condicionada* por el término de treinta (30) días, para este autorizar las escrituras señaladas. Esta solicitud fue declarada sin lugar y le concedimos un término de veinte (20) días para que subsanara las deficiencias en su obra notarial.

El 22 de febrero de 2010, la Directora de ODIN compareció nuevamente mediante *Moción Informativa*. Señaló que, a pesar de que el letrado había subsanado varias deficiencias, aún quedaban varias faltas sin atender. A su vez, el licenciado Padilla Santiago compareció mediante *Contestación a Moción Informativa*, y reiteró su solicitud de reinstalación provisional al ejercicio del notariado. Atendidos estos escritos, el 30 de diciembre de 2010, concedimos un término de treinta (30) días a ODIN para que se expresara. ODIN compareció oportunamente. Se opuso a que lo reinstaláramos al ejercicio de la notaría debido a su falta de diligencia con relación a sus señalamientos y en vista de que su obra no había sido aprobada. Así las cosas, el 9 de noviembre de 2010 declaramos sin lugar la petición del letrado y concedimos un término de treinta (30) días a la ODIN para aclarar unos particulares con respecto a la obra

notarial del licenciado Padilla Santiago. Este último volvió a solicitar la readmisión en varias ocasiones, mientras que la ODIN compareció y cumplió con lo ordenado. Examinados los escritos de las partes, volvimos a denegar la petición del letrado y le concedimos un término final de ciento veinte (120) días para subsanar las deficiencias encontradas en su obra notarial. Se le apercibió que su incumplimiento con la orden conllevaría la suspensión inmediata e indefinida de la abogacía.

En el ínterin, el letrado nos informó de las gestiones realizadas para atender nuestros requerimientos y solicitó un término adicional de noventa (90) días para completar sus esfuerzos de subsanación. Así lo hicimos mediante Resolución fechada el 3 de junio de 2011. Por su parte, el 15 de junio de 2012, concedimos un término de veinte (20) días a la ODIN para que se expresara. ODIN nos informó que a pesar de los esfuerzos realizados por el licenciado Padilla Santiago y el notario a quien contrató, la obra notarial continuaba sin aprobarse y que necesitaban copias certificadas de ciertas escrituras para poder constatar las correcciones realizadas. Por ello, le ordenamos presentar en la ODIN las referidas copias certificadas. El letrado nos informó que así lo había hecho, por lo que concedimos un término de treinta (30) días a la ODIN para que nos acreditara lo anterior. En su comparecencia, la ODIN señaló que la obra notarial todavía contenía serias faltas y recomendó concederle un término final de sesenta (60) días para atender los señalamientos pendientes. Así lo hicimos el 28 de junio de 2013 mediante

Resolución. En la misma le apercibimos que su incumplimiento conllevaría la suspensión inmediata de la profesión. Esta Resolución fue diligenciada personalmente.

No obstante el tracto procesal aquí detallado, en dos ocasiones posteriores, la ODIN se ha visto forzada a comparecer ante nos para informarnos de las deficiencias que aún siguen sin subsanar en la obra del licenciado Padilla Santiago. Por su parte, este último nos informó que no ha podido atender el asunto debido a una intervención quirúrgica a la que fue sometida su esposa.

## II.

Es norma reiterada que los notarios tienen el deber, una vez se le señalan faltas en su obra notarial, de subsanarlas y concertar una próxima reunión con la ODIN para la reinspección de los protocolos. In re Román Jiménez, 161 D.P.R. 727, 733 (2004). Hemos expresado, además, que "ningún notario puede asumir una actitud pasiva y descansar en que la ODIN lo contact[e] para verificar si se corrigen adecuadamente los señalamientos que se efectúen, máxime cuando la imagen de la profesión y la suya propia está en tela de juicio". Íd.

Por su parte, los abogados tienen la obligación ineludible de responder con diligencia a los requerimientos de este Tribunal y de la ODIN. In re Arroyo Rivera, 182 D.P.R. 732, 735-736 (2011). Véanse, además, In re Martínez Romero, 2013 T.S.P.R. 66, 188 D.P.R. __ (2013); In re Buono Colón, 187 D.P.R. 379, 382-383 (2012). El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX C.9, exige de todos

los letrados el mayor de los respetos hacia los tribunales. Por esta razón, todo abogado debe responder con diligencia a los requerimientos y órdenes emitidas por este Tribunal. In re Martínez Class, 2012 T.S.P.R. 92, 184 D.P.R. ___ (2012).

Sin embargo, nos vemos obligados a suspender abogados que muestran indiferencia y menosprecio a nuestras órdenes. In re Buono Colón, *supra*, pág. 383. Ello, a pesar que es norma reiterada que ante el incumplimiento con el deber de responder nuestros requerimientos y la ignorancia a los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata del ejercicio de la profesión. In re Lugo Cruz, 2013 T.S.P.R. 38, 188 D.P.R. ___ (2013).

### III.

A pesar de que el licenciado Padilla Santiago compareció en múltiples ocasiones ante la ODIN y este Foro, ha demostrado dejadez en subsanar las deficiencias serias de su obra notarial en abierta violación a las órdenes emitidas por ambos entes. Tanto la ODIN como este Tribunal le hemos concedido múltiples términos, desde el 2003, para cumplir con nuestras órdenes. No obstante, al día de hoy, la obra notarial del licenciado Padilla Santiago continúa con faltas.

En vista de lo anterior, se suspende inmediata e indefinidamente al Lcdo. Víctor M. Padilla Santiago del ejercicio de la abogacía. El licenciado deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a estos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual forma,

informará su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá certificar haber hecho estas gestiones a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcdo. Víctor M. Padilla Santiago          TS-7159

SENTENCIA

San Juan, Puerto Rico, a 10 de marzo de 2014.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Víctor M. Padilla Santiago del ejercicio de la abogacía. El licenciado deberá notificar a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a estos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual forma, informará su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá certificar haber hecho estas gestiones a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión y Sentencia.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo