EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Luis G. Salas González | 2015 TSPR 88 <br><br> 193 DPR ____ |

Número del Caso: TS-9896

Fecha: 29 de junio de 2015

Oficina de Inspección de Notarías:

      Lcdo. Manuel Ávila de Jesús
      Director

Materia: Conducta Profesional – La Suspensión será efectiva el 7 de julio de 2015, fecha en que fue notificado del abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Luis G. Salas González          TS-9896

*PER CURIAM*

En San Juan, Puerto Rico, a 29 de junio de 2015.

Nuevamente no tenemos otra alternativa que decretar la suspensión de un miembro de la profesión legal debido a su incumplimiento con la Ley Notarial de Puerto Rico (Ley Notarial), 4 LPRA sec. 2001 et seq., con el Reglamento Notarial de Puerto Rico (Reglamento Notarial), 4 LPRA Ap. XXIV, R. 58A, y por su indiferencia hacia las órdenes de este Tribunal, así como su desatención a los requerimientos de la Oficina de Inspección de Notarías (ODIN). Por la conducta que reseñamos a continuación, suspendemos indefinidamente al Lcdo. Luis G. Salas González del ejercicio de la notaría y la abogacía.

I.

El licenciado Salas González fue admitido al ejercicio de la abogacía el 25 de junio de 1991 y el 1 de febrero de 1994 prestó juramento para ejercer el notariado. Surge del expediente ante nuestra consideración que el 19 de junio de 2012 la Lcda. Norma Acosta de Santiago, Inspectora de la ODIN (Inspectora), realizó la inspección de los Protocolos del licenciado Salas González correspondientes a los años 2000 al 2007. Como parte del proceso de inspección, ese mismo día la Inspectora le hizo entrega personal al licenciado Salas González del Informe de Inspección. Mediante este Informe, se le indicaron las deficiencias encontradas en los Protocolos de 2001 y 2005.

Luego de entregarle el Informe, la Inspectora realizó diversas gestiones para comunicarse con el licenciado Salas González a los fines de que éste corrigiera las faltas señaladas, de manera que se pudiera culminar el proceso de inspección pendiente ante la ODIN. La Inspectora hizo constar que las gestiones para lograr contactar al licenciado Salas González incluyeron llamadas telefónicas y comunicaciones a través del correo electrónico y ordinario.[1] La última comunicación dirigida al licenciado Salas González fue el 13 de septiembre de 2013 -remitida por correo electrónico y ordinario- de la

---

[1] Véase, Informe de Deficiencias de la Obra Notarial del Lcdo. Luis Salas González, notario número 9896, a tenor con la Regla 77(K) del Reglamento Notarial, 2 de mayo de 2014, suscrito por la Lcda. Norma Acosta de Santiago, Inspectora de la ODIN, pág. 2.

cual no se obtuvo respuesta de su parte. Además de las faltas señaladas en cuanto a sus Protocolos, el licenciado Salas González no ha presentado ante la ODIN múltiples índices de actividad mensual notarial,[2] así como informes estadísticos de actividad notarial anual.[3]

En consecuencia, el 5 de mayo de 2014 el Director de la ODIN, Lcdo. Manuel E. Ávila de Jesús, presentó ante este Tribunal una *Moción Informativa Solicitando Remedios*. A través de dicha moción expuso los trámites que anteceden en cuanto al licenciado Salas González y solicitó que le ordenáramos atender las deficiencias relacionadas a su obra protocolar y que le requiriéramos la presentación de los índices e informes adeudados. Asimismo, hizo énfasis en el reiterado incumplimiento del licenciado Salas González al no atender las comunicaciones remitidas por la ODIN y al no presentar los referidos índices de actividad mensual notarial e informes anuales.

Considerada la solicitud de la ODIN, mediante Resolución de 6 de febrero de 2015, le concedimos al licenciado Salas González un término de 60 días para que subsanara todas las deficiencias señaladas por la ODIN y en el mismo término mostrara causa por la cual no debía

---

[2] Los índices de actividad mensual notarial adeudados corresponden a los meses de agosto, noviembre y diciembre de 2002; febrero, marzo, julio y agosto de 2003; marzo, mayo, junio, octubre, noviembre y diciembre de 2004; enero, febrero, abril, mayo, junio, julio, agosto, noviembre y diciembre de 2005; enero y febrero de 2006; y todos los índices mensuales desde enero de 2012 hasta marzo de 2014.

[3] Los informes estadísticos de actividad notarial anual que el licenciado Salas González no ha presentado son de los años 2002 al 2005; 2012 y 2013.

ser suspendido de la abogacía. Esta Resolución fue notificada mediante diligenciamiento personal al licenciado Salas González el 13 de febrero de 2015 y así consta en el expediente. Transcurrido el término concedido, el licenciado Salas González no contestó nuestra Orden ni atendió los requerimientos de la ODIN. Examinemos la normativa aplicable a esta relación de hechos.

## II.

## A.

Hemos sido consistentes al describir la práctica de la notaría como una función que exige un alto nivel de cuidado, diligencia y esmero. In re López Cordero, 164 DPR 710, 715 (2005); In re Vera Vélez, 148 DPR 1, 6 (1999). En el ejercicio de esta delicada función se requiere un estricto cumplimiento con la Ley Notarial -su reglamento-, supra, y con los cánones del Código de Ética Profesional, 4 LPRA Ap. IX. In re López Cordero, supra; In re Capestany Rodríguez, 148 DPR 728, 733 (1999). Cuando un notario se aparta de la normativa previamente expuesta se expone a la acción disciplinaria correspondiente no sólo en el ámbito notarial, sino también como abogado. In re González Maldonado, 152 DPR 871, 895 (2000); In re Capestany Rodríguez, supra.

En virtud del ejercicio de la notaría, los notarios están sujetos al proceso de inspección de su obra notarial conforme al Art. 62 de la Ley Notarial, supra, y a la

Regla 77 del Reglamento Notarial, supra. Durante este procedimiento, los inspectores de la ODIN verifican la obra notarial y les señalan a los notarios las deficiencias pertinentes para que sean corregidas. Una vez las deficiencias son informadas, hemos expresado que los notarios no pueden asumir una actitud pasiva y confiar en que la ODIN los contactará para corroborar si corrigieron adecuadamente las faltas señaladas. In re Arroyo Rivera, 182 DPR, 732, 736 (2011); In re Román Jiménez, 161 DPR 727, 733 (2004). Por el contrario, deben subsanar las deficiencias y coordinar una próxima reunión con la ODIN para efectuar la reinspección de la obra notarial y culminar el procedimiento. In re Román Jiménez, supra, pág. 733.

De otra parte, el Art. 12 de la Ley Notarial, supra, y la Regla 12 del Reglamento Notarial, supra, establecen la obligación de los notarios en cuanto a rendir índices mensuales sobre sus actividades notariales no más tarde del décimo día del mes siguiente al que se informa. Asimismo, los notarios tienen el deber de remitir dicho índice mensual a la ODIN a pesar de que no hayan tenido actividad notarial durante ese mes. Véase, Art. 12 de la Ley Notarial, supra. En estos casos corresponde presentar ante la ODIN un informe negativo de actividad notarial. Íd. A su vez, el Art. 13-A de la Ley Notarial, supra, así como la Regla 13 del Reglamento Notarial, supra, dispone que todo notario deberá remitir a la ODIN un informe

estadístico anual de actividad notarial no más tarde del último día de febrero del año siguiente al que se informa. Cuando el notario presente tardíamente alguno de los informes antes indicados, la ODIN podrá requerir una explicación sobre la tardanza y cualquier otra información pertinente. Véanse, Reglas 12 y 13 del Reglamento Notarial, supra. Respecto a estas obligaciones, hemos sido enfáticos al expresar que su incumplimiento es una grave falta a los deberes que impone al notario la fe pública notarial y que será motivo de sanciones disciplinarias. In re Miranda Casasnovas, 175 DPR 774, 779 (2009); In re Carrasquillo Martínez, 173 DPR 798, 802 (2008).

Por otro lado, el Canon 9 de Ética Profesional, 4 LPRA Ap. IX C. 9, exige que la conducta de todo abogado hacia los tribunales se caracterice por el mayor respeto. De este precepto surge la obligación de los miembros de la profesión legal de responder oportunamente a los requerimientos de este Tribunal. In re García Ortiz, 187 DPR 507, 524 (2013); In re Asencio Márquez, 183 DPR 659, 663 (2011); In re Ramírez Ferrer, 183 DPR 382, 384 (2011).

Reiteradamente, les hemos recordado a los abogados y las abogadas que no atender las órdenes de este Tribunal tiene como consecuencia la suspensión del ejercicio de la profesión, pues demuestra dejadez e indiferencia a nuestros apercibimientos. In re Massanet Rodríguez, 188 DPR 116, 125 (2013); In re Fidalgo Córdova, 183 DPR 217, 222 (2011); In re Fiel Martínez, 180 DPR 426, 430 (2010).

Asimismo, hemos expresado que la obligación de responder a los requerimientos se extiende a las exigencias de la ODIN. Así pues, ignorar nuestras órdenes o los requerimientos de la ODIN es motivo para la imposición de sanciones disciplinarias. In re Medina Perea, 190 DPR 241, 246 (2014); In re Asensio Márquez, 183 DPR 659, 664 (2011).

Aunque hemos repetido en infinidad de ocasiones la norma antes señalada, con suma frecuencia no tenemos otra alternativa que suspender a miembros de la profesión legal por no contestar nuestros requerimientos y los que le son cursados por la ODIN. Este Tribunal ha sido consistente en la aplicación de dicha medida disciplinaria. In re Medina Perea, supra, pág. 246; In re Mendoza Ramírez, 188 DPR 244, 249 (2013); In re Colón Olivo, 187 DPR 659, 663 (2013); In re Asensio Márquez, supra, pág. 665; In re Rodríguez Salas, 181 DPR 579, 581 (2011); In re Rodríguez Rodríguez, 180 DPR 841, 845-844 (2011).

III.

Según el trámite procesal expuesto, el 19 de junio de 2012 la Inspectora le entregó al licenciado Salas González un Informe que contenía las deficiencias encontradas en sus Protocolos de 2001 y 2005. Ello, como parte del proceso rutinario de inspección. Cabe mencionar que las faltas en los referidos Protocolos consistían en que tres de las escrituras autorizadas en el 2001 no incluían las

iniciales de uno de los otorgantes y que en una escritura otorgada en el 2005 no se expresó el mecanismo por el cual se identificó a la parte otorgante. Se desprende pues, y así lo reconoce la ODIN, que estos señalamientos pudieron ser atendidos a nivel administrativo sin mayores consecuencias.

Sin embargo, teniendo conocimiento de las faltas señaladas, el licenciado Salas González nada hizo al respecto. La ODIN intentó contactarlo en múltiples ocasiones sin éxito. Transcurridos casi dos años sin conocer circunstancia alguna del licenciado Salas González, la ODIN solicitó nuestra intervención. Además, nos informó que el licenciado Salas González adeudaba múltiples índices mensuales e informes anuales. Ante ello, mediante Resolución de 6 de febrero de 2015, le concedimos un término de 60 días para que subsanara las deficiencias señaladas por la ODIN y mostrara causa por la cual no debía ser suspendido de la abogacía. El licenciado Salas González recibió esta Resolución personalmente el 13 de febrero de 2015. Nada hizo para atender los requerimientos de la ODIN y de este Tribunal.

Cuesta comprender la conducta de ignorar las órdenes de este Tribunal o los requerimientos de la ODIN. Máxime cuando en tantas ocasiones hemos suspendido a miembros de la profesión legal como consecuencia de dicha conducta. El licenciado Salas González faltó a su deber como notario al no subsanar las faltas que le fueron señaladas por la ODIN

en cuanto a sus Protocolos. Lo anterior se agravó al no cumplir con su obligación de presentar los índices mensuales e informes anuales que requiere la Ley Notarial, supra. Más aun, el licenciado Salas González desaprovechó las oportunidades que tanto la ODIN como este Tribunal pusieron a su alcance para evitar el desenlace al que llegamos hoy. No comunicarse con este Tribunal, no explicar las razones de sus incumplimientos y no contestar nuestras órdenes nos obligan a decretar la suspensión inmediata e indefinida del licenciado Salas González del ejercicio de la notaría y la abogacía.

Por consiguiente, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta opinión per curiam y sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Salas González y entregarlos al Director de la ODIN para el correspondiente examen e informe a este foro. Se le apercibe al licenciado Salas González que esta acción disciplinaria no lo exime de corregir las faltas señaladas por la ODIN en su obra

notarial, así como la presentación de los índices mensuales e informes anuales adeudados.

*Se dictará sentencia de conformidad.*

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Luis G. Salas González                    TS-9896

SENTENCIA

En San Juan, Puerto Rico, a 29 de junio de 2015.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la notaría y la abogacía del Lcdo. Luis G. Salas González por su craso incumplimiento con la Ley Notarial de Puerto Rico, 4 LPRA sec. 2001 et seq., con el Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV, R. 58A, y por su indiferencia a las órdenes de este Tribunal, así como su desatención a los requerimientos de la Oficina de Inspección de Notarías (ODIN).

Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Salas González y entregarlos al Director de la ODIN para el correspondiente examen e informe a este foro.

Nada de lo aquí dispuesto releva al licenciado Salas González de corregir las faltas señaladas por la ODIN en su obra notarial, así como la presentación de los índices mensuales e informes anuales adeudados.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                                    Aida Ileana Oquendo Graulau
                                    Secretaria del Tribunal Supremo